423 F.2d 1293
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE 1967 CHRIS-CRAFT 27 FOOT FIBER GLASS BOAT, Commander Model, Hull No. FSA-27-2031-T; and 40-10/12 Cases of Distilled Spirits (Norman Radler, Claimant), Defendant-Appellant.
 No. 28528 Summary Calendar.
 United States Court of Appeals, Fifth Circuit.
 April 6, 1970.
 
 Vincent Meade, Jr., Charles H. Monast, Monast & Meade, Fort Lauderdale, Fla., for appellant.
 Robert W. Rust, U. S. Atty., Michael J. Osman, Asst. U. S. Atty., Miami, Fla., for appellee.
 Before GEWIN, GOLDBERG and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 This case arose out of the seizure on September 30, 1968, of the vessel in question by a special investigator of the Internal Revenue Service. Distilled spirits were concealed aboard the vessel in violation of 26 U.S.C.A. §§ 5205(a) (2) and 5604(a) (1). The government filed a complaint for forfeiture pursuant to 26 U.S.C.A. § 7301 and claimant, Radler, filed his claim, answer and petition for remission. The District Court held that it lacked jurisdiction under 18 U.S.C.A. § 3617(a) to remit or mitigate the forfeiture of a vessel, and that even if it did have such jurisdiction claimant did not have a sufficient interest in the vessel to claim remission of the forfeiture. We affirm.[1]
 
 
 2
 The claimant, Radler, acquired possession of the vessel from the owner sometime prior to September 30, 1968, for the purpose of facilitating and executing a sale of the vessel. He was permitted the use of the vessel in return for maintaining it. Two days prior to the seizure claimant gave up possession of the vessel to Ronald LaBorda. On December 20, 1968, some two and a half months after the seizure of the vessel, the claimant acquired title and ownership of the vessel with full knowledge that the vessel had been seized.
 
 
 3
 Assuming without deciding that the District Court had jurisdiction in this case we are convinced that the claimant did not have a sufficient interest in the vessel to claim remission of the forfeiture. Title 18 U.S.C.A. § 3617 requires that the claimant have "an interest * * * as owner or otherwise, which he acquired in good faith." At the time of seizure claimant had no financial interest in or title to the vessel. He did not even have possession of it. His later acquisition of paper title is of no avail to the claimant because title vested in the government as of the date of the commission of the offense — here more than two months before the purported transfer of title to the claimant. United States v. Stowell, 1890, 133 U.S. 1, 10 S.Ct. 244, 33 L.Ed. 555; Florida Dealers and Growers Bank v. United States, 5 Cir. 1960, 279 F.2d 673.
 
 
 4
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I