**UNITED STATES of America, Plaintiff,**

v.

**ONE PARCEL OF REAL ESTATE PROPERTY with Buildings, Appurtenances and Improvements, KNOWN AS the ROD AND REEL FISH CAMP Located At Ocean Springs, Mississippi, Defendant.**

Civ. A. No. S85–1252(NG).

United States District Court,
S.D. Mississippi, S.D.

Jan. 29, 1987.

Gloria A. Bedwell, Asst. U.S. Atty., Mobile, Ala., for plaintiff.

David A. Wheeler, Biloxi, Miss., Barbara E. Hall, Gautier, Miss., Richard M. Crump, Barry Hess, Michael D. Knight, Mobile, Ala., Richie E. Perkins, Moss Point, Miss., for defendant.

## MEMORANDUM OPINION

GEX, District Judge.

This 21 U.S.C. Section 881 forfeiture proceeding comes before the Court on the motions for summary judgment filed by the United States regarding the claims of

Claimants Holmes [1], Van Nort and Davis, the Motion to Dismiss filed on behalf of Defendant Real Property, and the Motion for More Definite Statement and Motion to Dismiss filed by Claimant First Federal Savings and Loan Association of Pascagoula. The Court has fully considered the record in this matter, together with the briefs submitted by the parties, and finds as follows, to-wit:

### Facts

The evidence submitted to the Court in support of the Government's Motion for Summary Judgment established the following facts leading to the seizure of the subject property. On or about April and/or May of 1979, Robert Bosarge agreed, on behalf of Joe Butler and Patrick M. Waldrop, to locate and purchase in his name a piece of property on the Mississippi Gulf Coast intended for use as an off-loading site for a shipment of marijuana to be transported from Columbia to the United States aboard the F/V Morning Star. In furtherance of this agreement, Robert Bosarge located the property, presently subject to seizure, known as the Rod and Reel Fish Camp (Camp) in Ocean Springs, Mississippi. Mr. Bosarge then contacted Joe Butler and/or Patrick M. Waldrop to obtain their review and approval of the property as a site for off-loading the marijuana. Butler and/or Waldrop then visited the property with Bosarge and, finding it suitable, negotiated the purchase with an agent of Holmes Real Estate in Ocean Springs, Mississippi. The property was purchased in the name of Robert Bosarge on or about May of 1979, although the $61,000 paid on the property was provided to Robert Bosarge by Joe Butler, as were all sums paid under the mortgage, assumed by Bosarge upon purchase, payable to First Federal Savings & Loan Association of Pascagoula.

Bosarge, Butler, Waldrop and other members of the smuggling operation then prepared for the receipt of the expected shipment of marijuana. However, in July of 1979, the F/V Morning Star was boarded and seized by the United States Coast Guard in the Gulf of Mexico. At the time of the seizure the F/V Morning Star contained the cargo of marijuana intended to be unloaded at the Camp. No connection between the F/V Morning Star and the Camp was known to the authorities at that time, nor was any connection discovered until 1982 when Robert Bosarge—the nominal owner of the property—agreed to cooperate with the United States Attorneys Office. As a result of information received from Bosarge, an investigation was initiated regarding the attempted 1979 smuggling operation culminating in the seizure of the F/V Morning Star. During this investigation a tape recording was obtained by Robert Bosarge—via body recorder—of a conversation with Richard David Holmes regarding a planned transfer of title to the property from Bosarge to Holmes in order to prevent seizure of the property by the United States Government. During the recorded conversation, Holmes stated that he had agreed to put the property in his name as a favor to Joe Butler and that Butler would continue to make all payments on the property. He also admitted that he had been told that the property was to have been used in a drug smuggling operation.

At the conclusion of the investigation, indictments were returned against numerous individuals involved in the 1979 drug smuggling operation, including Joe Butler and Richard David Holmes. Mr. Holmes testified at trial in February, 1984. During his testimony he admitted that the Camp had been transferred into his name as a favor to Joe Butler and that he had not paid any sums due and owing on the property until the indictment had been returned against him and his alleged co-conspirators. He further stated that he was aware of the intended use of the property as an off-loading site for marijuana and that the transfer of title to the property occurred for the sole purpose of preventing seizure by the

**1.** In subsequent communications with the United States Attorney, it has been determined that no claim has been filed on behalf of Richard David Holmes. The Court will, nevertheless, address the merits of any potential claims of Holmes in this opinion.

government. Holmes was subsequently convicted of the drug conspiracy charges.

In 1984, Holmes leased, with an option to purchase, the property to Jacqueline Van Nort and Daniel L. Davis. Van Nort and Davis continue to occupy the property at the present time.

In March of 1985, the United States seized the Camp and instituted the instant forfeiture proceedings in the United States District Court for the Southern District of Alabama, Southern Division. A Motion to Dismiss was filed by "the Defendant" on April 11, 1985. A Motion for More Definite Statement and Motion to Dismiss was then filed by First Federal Savings and Loan Association of Pascagoula on April 22, 1985, as Claimant to the property by virtue of the lien held thereon. Finally, a Complaint was filed on behalf of Jacqueline Van Nort and Daniel L. Davis on April 22, 1985, contesting the forfeiture and specifically seeking to have certain enumerated personalty exempted from forfeiture. The United States then filed two Motions for Summary Judgment seeking dismissals of the claims of David R. Holmes, Jacqueline Van Nort and Daniel L. Davis.

On October 3, 1985, Judge Cox, United States District Judge for the Southern District of Alabama, issued an opinion finding jurisdiction of the cause improper in the Southern District of Alabama and transferring the cause to the Southern District of Mississippi—the situs of the res. The cause was transferred to this Court. The Court now seeks to address the pending motions of the various parties to this litigation. For purposes of clarity, each of the Motions addressed by this opinion will be discussed separately below.

I. *A. Motions for Summary Judgment filed by the United States on the claims of Van Nort/Davis.*

■ The United States seeks summary judgment on the claim to the subject property asserted by Van Nort and Davis on the ground that these Claimants lack a sufficient property interest to confer upon them standing to contest the forfeiture.[2] According to the United States a mere leasehold interest in the real property is not sufficient to create a "property interest" necessary for "standing" to contest the forfeiture.

21 U.S.C. Section 881 provides in pertinent part:

a) Property Subject

The following shall be subject to forfeiture to the United States and no property interest shall exist therein:

(7) All real property, including any right, title and interest in the whole of any lot or tract of land and any appurtenances or improvements, which is used or intended to be used, in any manner or part to commit, or facilitate the commission of a violation of this title ... except that no property shall be forfeited under this paragraph to the extent that an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without knowledge or consent of that owner.

■ A claimant seeking to challenge a forfeiture of property pursuant to 21 U.S.C. Section 881 must demonstrate an interest in the seized property sufficient to satisfy the court of his standing to contest the forfeiture. *United States v. Forty-seven Thousand, Eight Hundred and Seventy-five Dollars ($47,875.00) in United States Currency,* 746 F.2d 291, 293 (5th Cir.1984) (citing *United States v. Three Hundred Sixty-four Thousand, Nine Hundred Sixty Dollars ($364,960.00) in United States Currency,* 661 F.2d 319, 326 (5th Cir.1981)). Although the term "owner" is employed in the statute, this term has been broadly construed to encompass any person with a recognizable legal or equitable interest in the seized property. 746 F.2d at 293. Thus, a lessor property interest such as possession may be sufficient to create standing. *United States v.*

---

**2.** The United States does not seek judgment on the Van Nort/Davis claim to the personalty enumerated in their Complaint. The Court's opinion does not, therefore, address the merits of their claim to this personalty. The United States Attorney has, however, indicated that a settlement of these claims has been reached.

*1982 Sanger 24' Spectra Boat,* 738 F.2d 1043, 1046 (9th Cir.1984) (citing *United States v. Jacobsen,* 466 U.S. 109, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984)).

■ Furthermore, the property interest asserted by the claimant must predate the right to forfeiture asserted by the United States, for it is well established that when property is subject to forfeiture for violation of the law, title vests absolutely in the government on the date of the illegal act. Seizure and a subsequent decree of forfeiture merely confirms the forfeiture that has already taken place. *United States v. Stowell,* 133 U.S. 1, 10 S.Ct. 244, 33 L.Ed. 555 (1890); *United States v. One 1967 Chris-Craft 27 Foot Fiber Glass Boat,* 423 F.2d 1293 (5th Cir.1970); *Florida Dealers and Growers Bank v. United States,* 279 F.2d 673 (5th Cir.1960); *U.S. v. One Piece of Real Estate,* 571 F.Supp. 723 (W.D.Tex.1983). Since the forfeiture actually occurs at the moment of the illegal use, no third party can acquire a legally cognizable interest in the property after the date of the illegal act which forms the basis of the forfeiture. The condemnation when obtained relates back to the time of the wrongful act and voids all intermediate sales and alienations. Opposition to forfeiture must, therefore, be dismissed if the claimant obtained his "property interest" subsequent to the illegal act. *Simons v. United States,* 541 F.2d 1351, 1352 (9th Cir.1976); *U.S. v. One Piece of Real Estate,* 571 F.Supp. 723 (W.D.Tex.1983). *See also, Florida Dealers and Growers Bank v. United States,* 279 F.2d 673 (5th Cir. 1960); *Wingo v. United States,* 266 F.2d 421 (5th Cir.1959); *Weathersbee v. United States,* 263 F.2d 324 (4th Cir.1958).

In the action *sub judice* the wrongful act subjecting the property to forfeiture was its intended use in a drug smuggling operation in July of 1979 and/or the use of the proceeds of drug smuggling to purchase the property. Accordingly, the forfeiture occurred, and title to the property vested in the United States in 1979. The lease upon which Van Nort/Davis rely to establish a "property interest" in the Camp was not executed until 1984—well after the date of the wrongful act and the discovery by the United States of the intended use of the property for unlawful purposes. The lease executed by Van Nort/Davis is not, therefore, sufficient to confer upon them any "property interest" in the real property in the context of this litigation. As a result, they lack any legally cognizable "property interest" in the Camp necessary to confer upon them standing to contest the present forfeiture.[3] The Motion for Summary Judgment is, therefore, well taken and should be granted. The claim to the real property, if any, asserted by Van Nort/Davis must be dismissed.

*B. Motion for Summary Judgment on Claims of Holmes.*

■ As stated previously in regard to the claims of Van Nort/Davis, in order to be viable, the interest of a "claimant" to the property must predate the wrongful act forming the basis of the forfeiture. In the action *sub judice* the undisputed evidence of record establishes that the ownership interest in the property was acquired by Richard David Holmes in 1982. The wrongful act forming the basis of this forfeiture occurred in 1979. As a result Holmes lacks any legally cognizable interest in the subject property necessary to confer standing to contest the present forfeiture.

Furthermore, even if Holmes was otherwise entitled to assert his claim to contest the forfeiture,[4] he would not constitute an innocent owner entitled to so contest that forfeiture pursuant to 21 U.S.C. Section 881(a)(6). The undisputed evidence of record establishes that Mr. Holmes knew that the property had been intended for use as an off-loading site for drug smuggling operations and that he agreed to transfer title to the property into his name solely for the purpose of shielding that property

---

3. The Court's finding eliminates the necessity to decide whether a viable leasehold interest is sufficient to confer standing to contest a forfeiture.

4. As the Court has previously noted, no such claim has been filed to date.

from government seizure. Additionally, Mr. Holmes was, thereafter, convicted as a part of the conspiracy involving the Camp. Such complicity in the overall scheme of use of this property in drug smuggling operations, clearly removes Mr. Holmes from the category of "innocent" owners entitled to contest forfeitures, pursuant to 21 U.S.C. Section 881(a)(6). *United States v. Four Million Two Hundred Fifty Five Thousand Dollars ($4,255,000.00) United States Currency*, 762 F.2d 895, 906 (11th Cir.1985); *United States v. One Piece of Real Estate*, 571 F.Supp. 723, 725 (W.D. Tex.1983).

## II. *Motion to Dismiss Filed on Behalf of the Real Property.*

■ In April of 1985 a Motion to Dismiss was filed on behalf of the Real Property, seeking dismissal of the forfeiture on the basis of jurisdictional, statute of limitations and constitutional grounds. This motion was presumed by the United States to represent a claim to the property of Richard David Holmes—present record owner of the property. It has subsequently come to light that this Motion does not represent a claim by Richard Davis Holmes but rather represents a defense posed by unnamed parties on behalf of the property itself. Such a defense poses a novel question for this Court—one that does not appear to have been addressed in any recorded opinion of any federal court in the nation.

■ The Court has fully reviewed the applicable statutory provisions, together with the available case-law, and finds that the "real property" subject to forfeiture may not be independently represented in a forfeiture proceeding under 21 U.S.C. Section 881. Section 881, previously quoted in part in this opinion, contemplates the potential contest of forfeiture proceedings by an "owner" of the property. Section 881(d) thereafter provides that:

[t]he provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of property for violation of the customs laws ... shall apply to seizures and forfeitures incurred or alleged to have been incurred, under any of the provisions of this subchapter ...

The provisions of the customs laws applicable to such seizures, forfeitures and condemnations are 19 U.S.C. Sections 1608, et seq. A review of the applicable provisions reveals that contests of forfeitures must be made by "claimants". The courts applying these provisions have consistently defined the term "claimant" as "one who claims to own the property or to have an interest therein". *United States v. Five Hundred Thousand Dollars ($500,000.00)*, 730 F.2d 1437, 1439 (11th Cir.1984); *Baker v. United States*, 722 F.2d 517 (9th Cir.1983); *United States v. 1982 Sanger 24' Spectra Boat*, 738 F.2d 1043 (9th Cir.1984). *See also generally, United States v. Forty-Seven Thousand, Eight Hundred and Seventy-five Dollars ($47,875.00) in United States Currency*, 746 F.2d 291, 293 (5th Cir.1984); *United States v. Three Hundred Sixty-four Thousand, Nine Hundred Sixty Dollars ($364,960.00) in United States Currency*, 661 F.2d 319 (5th Cir.1981). Only upon a showing of "claimant" status, may the merits of a contest to forfeiture be reached. *United States v. Fifteen Thousand, Five Hundred Dollars ($15,500.00) in United States Currency*, 558 F.2d 1359 (9th Cir.1977). Neither the applicable statutes nor the case-law contemplates a contest to the forfeiture by the property seized. Only upon the assertion of a specific property interest in the property seized by a "claimant" may the validity and/or efficacy of the forfeiture be contested. *Baker v. United States*, 722 F.2d 517, 518 (9th Cir.1983).

In the action *sub judice* the present motion to dismiss was not filed on behalf of a person claiming an interest in the property—nor was any property interest of any person in the Camp asserted in the Motion. Instead the Motion purports to have been made on behalf of the property itself. There is, therefore, no claimant with standing to contest the forfeiture. Absent a "claimant" as sponsor for the Motion to Dismiss, there is no basis in law for consideration of the defenses raised in the Motion. The Motion to Dismiss must therefore be denied and all claims purportedly

asserted on behalf of the Defendant Real Property must be dismissed.

III. *Motion for More Definite Statement and Motion to Dismiss of First Federal Savings and Loan Association of Pascagoula.*

The motion filed by First Federal Savings and Loan Association of Pascagoula seeks a more definite statement of the facts forming the basis of the government's seizure of the Camp.[5] The United States has subsequently filed its Motions for Summary Judgment. These motions, and the exhibits thereto, fully set forth the factual basis for the forfeiture of the Camp sought by the government. After a full review of the record, the Court finds that the facts sought by the Motion for More Definite Statement filed by First Federal Saving and Loan Association of Pascagoula have been provided by the government's motion for summary judgment, exhibits thereto and memoranda in support thereof. The Motion for More Definite Statement will, therefore, be denied.[6]

A separate Order in conformity with this Opinion shall be entered by this Court.

---

**5.** The motion also sought dismissal of this action for lack of jurisdiction. This issue was fully resolved by the Opinion issued by the United States District Judge for the Southern District of Alabama in October of 1985.

**6.** The Court wishes to note that the United States has conceded the validity of the claim to the property asserted by First Federal Savings and Loan Association of Pascagoula by virtue of its lien interest. There is, therefore, no necessity for a trial on this issue.