UNITED STATES of America, Plaintiff,

v.

ONE 1965 CESSNA 320C TWIN ENGINE AIRPLANE, Serial # 0813841–1, License No. N3062T, Defendant.

Civ. A. No. 88–141.

United States District Court,
E.D. Kentucky,
Covington Division.

June 12, 1989.

Frances Thomas, Asst. U.S. Atty., Lexington, Ky., for plaintiff.

Joe T. Roberts, London, Ky., for defendant.

## OPINION AND ORDER

BERTELSMAN, District Judge.

This matter is before the court on the motion of the claimant, Garrett E. Ballard, for summary judgment and motion of the United States for summary judgment.

### FACTS

This is a civil forfeiture case brought by the United States, pursuant to 21 U.S.C. § 881(a)(4), which provides for forfeiture to the United States of all vehicles or aircraft used or intended to be used to facilitate a violation of the federal controlled substance laws.

The legal owner of the 1965 Cessna airplane at issue in this case was Richard Lee Perry. On August 16, 1987, Perry signed a note with the claimant in this case, Garrett E. Ballard, in which he agreed to use the Cessna as collateral for a $30,000 loan. The note was handwritten and notarized but was not recorded. Perry retained possession of the Cessna.

On October 23, 1987, Perry used the defendant airplane to transport 156.8 pounds of marijuana to an undercover United States customs agent and a Kentucky State Police detective. U.S. Customs seized the aircraft at that time.

On November 30, 1987, John Nelson, the District Director of the U.S. Department of the Treasury, informed the claimant that the Cessna had been seized and that he could petition the United States Customs Office to contest the forfeiture. The complaint for forfeiture *in rem* was filed on July 27, 1988, and a warrant of arrest *in rem* was issued on August 4, 1988.

On August 31, 1988, the claimant filed an action in Rockcastle Circuit Court in Mount Vernon, Kentucky, seeking to have the court declare that he had a security interest in the aircraft. The defendant of the state suit was Richard Perry, who admitted the allegations of the complaint, and that the debt, agreement and promissory note were valid. The court found that the claimant had a security interest in the Cessna by virtue of the August 16, 1987 agreement and ruled that the claimant could recover from the defendant, Richard Perry, the sum of $30,000. It also held that the lien on the Cessna was valid and enforceable.

On October 29, 1988, Richard Perry executed a bill of sale of the Cessna to the claimant.

In this action, Ballard claims the defendant airplane as a secured creditor, but does not contest the merits of the forfeiture. Perry is not a claimant to the Cessna.

## ANALYSIS

The issue in this matter is whether the claimant is a secured creditor with an ownership interest in the seized property sufficient to confer upon him standing to contest the forfeiture of the aircraft.

The United States argues that the claimant is not a secured creditor because his interest in the seized Cessna was acquired by virtue of a handwritten, unrecorded agreement with Perry. It contends that an unsecured creditor has no standing to contest the forfeiture of seized property. The United States also asserts that the state court judgment does not confer upon the claimant the status of a secured creditor because the United States was not a party to that action and because the judgment in

the state case was issued after the forfeiture of the aircraft.

The claimant argues that he is a secured creditor by virtue of the August 16, 1987 agreement with Richard Perry. He contends that he had a valid claim prior to the seizure of the Cessna by the United States. Claimant also asserts that the United States does not have a perfected lien against the aircraft.

The court finds that claimant is an unsecured creditor and, as such, does not have standing to recover against the forfeiture of the seized aircraft.

The forfeiture provisions of 21 U.S.C. § 881 provide:

"(a) Subject property. The following shall be subject to forfeiture to the United States and no property right shall exist in them:

\* \* \* \* \* \*

(4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1) or (2). . . ."

21 U.S.C. § 881(a)(4). The same statute also states, "All right, title, and interest in property described in subsection (a) shall vest in the United States upon commission of the act giving rise to forfeiture under this section." 21 U.S.C. § 881(h).

Claimant Ballard does not contest the right of the United States to forfeiture nor the probable cause establishing the government's initiation of forfeiture proceeding. He claims instead that he has a security interest in the seized property, and has, therefore, "an ownership or possessory interest in the property seized." *United States v. Five Hundred Thousand Dollars*, 730 F.2d 1437, 1439 (11th Cir.1984).

■ "A claimant seeking to challenge a forfeiture of property pursuant to 21 U.S. C. Section 881 must demonstrate an interest in the seized property sufficient to satisfy the court of his standing to contest the forfeiture." *United States v. One Parcel*

*of Real Estate Property,* 660 F.Supp. 483, 486 (S.D.Miss.1987). *See also United States v. $47,875.00 in United States Currency,* 746 F.2d 291, 293 (5th Cir.1984); *United States v. $364,960.00 in United States Currency,* 661 F.2d 319, 326 (5th Cir.1981). A claimant of seized property must assert an ownership or possessory interest in that property. *United States v. Five Hundred Thousand Dollars,* 730 F.2d 1437, 1439 (11th Cir.1984); *United States v. $15,500.00,* 558 F.2d 1359, 1361 (9th Cir. 1977).

■ The burden of establishing standing to contest a forfeiture proceeding is on the claimant. *United States v. Five Hundred Thousand Dollars,* 730 F.2d 1437, 1439 (11th Cir.1984); *United States v. $364,-960.00 in U.S. Currency,* 661 F.2d 319, 326 (5th Cir.1981). The courts have generally interpreted the term "ownership interest" liberally. *E.g., United States v. One Parcel of Real Estate Property,* 660 F.Supp. 483, 486–87 (S.D.Miss.1987). In *United States v. One Parcel of Real Estate Property,* the court stated, "Although the term 'owner' is employed by the statute, this term has been broadly construed to encompass any person with a recognizable legal or equitable interest in the seized property." *Id.* at 486; *see also United States v. $47,875.00 in United States Currency,* 746 F.2d at 293; *United States v. One Piece of Real Estate,* 571 F.Supp. 723, 725 (W.D. Tex.1983).

■ In Kentucky, a security interest in personal property is governed by the Uniform Commercial Code as adopted in Kentucky. *In re Leckie Freeburn Coal Co.,* 405 F.2d 1043, 1046 (6th Cir.1969), *cert. denied sub nom. Foster v. Hamblin,* 395 U.S. 960, 89 S.Ct. 2101, 23 L.Ed.2d 746 (1969); KRS 355.9–102. According to the UCC, "a financing statement must be filed to perfect all security interests," with the exception of several situations which are not applicable in this case. KRS 355.9–302. *See also In re Leckie Freeburn Coal Co.,* 405 F.2d at 1046. Kentucky law also is well established that an unrecorded security interest is unperfected for purposes of establishing priority among lienholders.

KRS 355.9–301; *In re Leckie Freeburn Coal Co.,* 405 F.2d at 1046; *In re Kaufman,* 142 F.Supp. 759 (W.D.Ky.1956).

■ In this case, claimant and Richard Perry signed a handwritten agreement in which the claimant lent Perry $30,000 and Perry used the Cessna as collateral. Claimant concedes that this handwritten note was notarized but was never recorded, and that he did not file a financing statement as required by the UCC. It is clear that because the obligation was not perfected under the UCC, the claimant does not have a secured interest in the seized aircraft. Instead, he is an unsecured creditor whose interest is valid as to any claims of Richard Perry, but whose interest is also secondary to the claims of other lienholders.

■ Claimant argues that he is a secured creditor by virtue of the state court judgment in the Rockcastle Circuit Court. In the state court action, however, the United States was not a party and was not notified of the lawsuit. Its rights to the seized property were not adjudicated in that action. In addition, the state court action was one *in personam* against Richard Perry, while the federal action is *in rem* against the defendant aircraft. Thus, the judgment of the state court adjudicated the rights of the claimant against Richard Perry, but did not determine all claims asserted against the aircraft.

■ Even if the state court judgment did give the claimant the status of a secured creditor, that action was initiated thirty-four days after the United States instituted forfeiture proceedings against the Cessna in federal court. The property interest of a claimant in a forfeiture case must predate the right to forfeiture asserted by the United States. *United States v. One Parcel of Real Estate Property,* 660 F.Supp. 483, 487 (S.D.Miss.1987); *United States v. One Piece of Real Estate,* 571 F.Supp. 723, 725 (W.D.Tex.1983). In *United States v. One Parcel of Real Estate,* the court stated:

"[I]t is well established that when property is subject to forfeiture for violation

of the law, title vests absolutely in the government on the date of the illegal act. Seizure and a subsequent decree of forfeiture merely confirms the forfeiture that has already taken place.... Since the forfeiture actually occurs at the moment of the illegal use, no third party can acquire a legally cognizable interest in the property after the date of the illegal act which forms the basis of the forfeiture.... Opposition to forfeiture must, therefore, be dismissed if the claimant obtained his 'property interest' subsequent to the illegal act."

660 F.Supp. at 487. *See also United States v. Stowell*, 133 U.S. 1, 10 S.Ct. 244, 33 L.Ed. 555 (1890); *United States v. One 1967 Chris–Craft 27 Foot Fiber Glass Boat*, 423 F.2d 1293 (5th Cir.1970); *Florida Dealers and Growers Bank v. United States*, 279 F.2d 673 (5th Cir.1960); *Simons v. United States*, 541 F.2d 1351 (9th Cir.1976). Because the state court judgment was issued after the United States acquired title to the Cessna, any interest the claimant acquired was secondary to that of the United States. As the court noted in *United States v. One Piece of Real Estate*, 571 F.Supp. 723, 725 (W.D. Tex.1983), "Because forfeiture actually occurs at the moment of illegal use, no third party can acquire a legally recognizable interest in the property after the activity that subjects it to forfeiture." The same is true of Perry's October 29, 1988 "sale" of the Cessna to the claimant.

■ The federal courts have consistently held that an unsecured creditor has no standing to contest the forfeiture of seized property. *United States v. Four Million, Two Hundred Fifty–Five Thousand Dollars*, 762 F.2d 895, 907 (11th Cir. 1985), *cert. denied*, 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 772 (1986); *United States v. $47,875.00 in United States Currency*, 746 F.2d 291, 294 (5th Cir.1984); *United States v. Five Hundred Thousand Dollars*, 730 F.2d 1437, 1439–40 (11th Cir. 1984); *United States v. $3,799.00 in United States Currency*, 684 F.2d 674, 678 (10th Cir.1982). For example, in *United States v. Four Million, Two Hundred Fifty–Five Thousand Dollars*, 762 F.2d at 907, the Eleventh Circuit held that holders of checks written on a seized bank account had no standing to make a claim under 21 U.S.C. § 881(a)(6) because they had "neither a legal nor an equitable" interest in the funds.

In *United States v. One 1951 Douglas DC–6 Aircraft*, 525 F.Supp. 13 (W.D.Tenn. 1979), *aff'd*, 667 F.2d 502 (6th Cir.1981), *cert. denied sub nom. Ernesto Zaragoza Y. v. United States*, 462 U.S. 1105, 103 S.Ct. 2451, 103 S.Ct. 2451, 77 L.Ed.2d 1332 (1983), the district court for the western district of Tennessee held that a claimant with a non-recorded security interest in a seized aircraft did not have the right to contest forfeiture. The court held:

"Under 49 U.S.C. § 1403(c) no interest in an aircraft is valid against anyone other than the conveyor of the interest until the security interest holder records it with the FAA. The government's interest in the plane vested upon commission of the illegal act. Although this interest will not be perfected until judicial condemnation, perfection, once obtained, relates back to the earlier vesting and avoids all interests arising in the interim."

525 F.Supp. at 15–16 (citations omitted). The Sixth Circuit affirmed the district court's holding. 667 F.2d at 502, 503.

Relying on its holding in *United States v. One 1951 Douglas DC–6 Aircraft*, the Sixth Circuit, in *United States v. Campos*, 859 F.2d 1233, 1240 (6th Cir.1988), held that an unsecured creditor did not have a legal right, title or interest in property subject to criminal forfeiture under the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 853(n)(6)(B). Although the court in *Campos* considered the provisions of criminal forfeiture under 21 U.S.C. § 853 rather than civil forfeiture under 21 U.S.C. § 881, it noted that "forfeiture of an airplane preempts the claim of a secured (but unrecorded) interest holder not demonstrated to have been involved in the illegal use of the forfeited aircraft." *Id.* at 1240 (citing *United States v. One 1951 Douglas DC–6 Aircraft*, 525 F.Supp. 13 (W.D.Tenn.1979), *aff'd*, 667 F.2d 502

(6th Cir.1981), *cert. denied sub nom. Ernesto Zaragoza Y. v. United States*, 462 U.S. 1105, 103 S.Ct. 2451, 77 L.Ed.2d 1332 (1983)).

In addition, the criminal forfeiture provision of the Comprehensive Crime Control Act does not require a claimant to forfeited property to have an ownership interest in the seized property. *Campos*, 859 F.2d at 1238. All that is required is a "legal right, title, or interest in the property ... vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture." 21 U.S.C. § 853(n)(6)(A). The Sixth Circuit nevertheless held in *Campos* that an unsecured creditor does not have even a legal right superior to the interest of the defendant at the time of criminal forfeiture. 859 F.2d at 1240. It also noted that the *civil* forfeiture statute requires a higher degree of legal interest in the property, that of "ownership." *Id.* at 1238 n. 6. The court's holding that an unsecured creditor does not have a legal interest in seized property under the criminal forfeiture statute makes clear that, under the civil forfeiture statute, which requires a *greater* degree of ownership interest in seized property, an unsecured creditor does not have a legally cognizable interest in the property sufficient to challenge the forfeiture.

In this case, claimant admits that his interest in the seized Cessna was unrecorded and that he did not file a financing statement according to the UCC. Thus, his interest in the aircraft was unperfected at the time of the seizure. The United States acquired title to the 1965 Cessna at the time of the occurrence of the illegal act resulting in seizure of the aircraft. Because claimant did not have a legally recognizable ownership interest in the defendant aircraft prior to its seizure, he does not have standing to contest the forfeiture.

The government's right to seize the aircraft has not been contested. No claimant has asserted that the Cessna was not used to violate the law nor contested the United States' complaint establishing probable cause to seize the defendant airplane. Because the claimant does not have standing to contest the forfeiture of the Cessna, the court denies his motion for summary judgment. In addition, the court must grant the United States' motion for summary judgment because no material issues of fact exist concerning forfeiture of the defendant Cessna.

Therefore, for the above reasons,

IT IS ORDERED as follows:

1. That the motion of claimant, Garrett E. Ballard, for summary judgment be, and it is, hereby denied;

2. That the motion of the plaintiff, United States of America, for summary judgment be, and it is, hereby granted; and

3. That a separate Judgment shall enter concurrently herewith.