UNITED STATES of America, Plaintiff,

v.

**ONE RURAL LOT, et al., Defendants.**

**Civ. No. 88–1929 HL.**

United States District Court,
D. Puerto Rico.

June 19, 1990.

---

Eduardo Toro Font, Asst. U.S. Atty., Hato Rey, P.R., for U.S.

Eli B. Arroyo, San Juan, P.R., for Commercial Mendoza.

Dubon & Dubon, L.E. Dubon, San Juan, P.R., for Banco de Ponce.

Guillermo Godreau, Salinas, P.R., for Osvaldo Rodríguez Cardona.

OPINION AND ORDER

LAFFITTE, District Judge.

The United States instituted forfeiture proceedings, pursuant to 21 U.S.C. sec. 881, against a restaurant known as "La Puesta Del Sol" and a residence, both located in

Salinas, Puerto Rico, on the ground that these properties were used or intended to be used to commit or to facilitate the commission of various illegal drug transactions. Pending before the Court is the government's motion to dismiss the ownership claims of Osvaldo Rodríguez Cardona, his parents, his children, and his present and former companions.[1]

In the Opinion and Order of August 4, 1989, we found that the government met the threshold requirement of probable cause for the forfeiture. This finding was based on the Magistrate's conclusion of probable cause for the issuance of Warrants for *Arrest In Rem* and the criminal conviction of Osvaldo Rodríguez Cardona ("Osvaldo Rodríguez"). This Court, which presided over the jury trial of Osvaldo Rodríguez for criminal violations under 21 U.S.C. sec. 841(a)(1), stated in the Opinion and Order of August 4, 1989 that the jury convicted Osvaldo Rodríguez for illegal drug transactions which he committed in the properties herein. This Court therefore concluded that Osvaldo Rodríguez and the other claimants are collaterally estopped from denying the occurrence of the drug transactions that took place on the real properties in question. *See* Docket No. 35. *See also United States v. Monkey*, 725 F.2d 1007, 1010–11 (5th Cir.1984); *United States v. $31,697.59 Cash*, 665 F.2d 903 (9th Cir.1982). Since the government has met its burden of establishing probable cause for instituting the forfeiture proceedings, the burden now shifts to the claimants to prove a defense. *United States v. $250,000 in U.S. Currency*, 808 F.2d 895 (1st Cir.1987); *United States v. One (1) 1980 Stapelton Pleasure Vessel*, 575 F.Supp. 473 (S.D.Fla.1983); *United States v. United States Currency Amounting to Sum of $30,800.00*, 555 F.Supp. 280, 283 (E.D.N.Y.1983), *aff'd*, 742 F.2d 1444 (2d Cir.1983).

## I. OSVALDO RODRÍGUEZ CARDONA'S CLAIM

■■■ The United States now seeks to strike the claim of Osvaldo Rodríguez on the ground that he has no defense as an innocent owner. We agree. An innocent owner is one that: "1) was not involved in the wrongful activity, 2) was not aware of the wrongful activity, and 3) had done all that he reasonably could be expected to prevent the proscribed use of his property." *One (1) Stapelton Pleasure Vessel*, 575 F.Supp. at 478. Osvaldo Rodríguez' criminal conviction collaterally estops him from denying that he used his residence and business to transact illegal drug deals. He cannot turn around and claim that he was not involved in drug activity concerning these two real properties when he has been convicted by a jury for said offense. Since the record in the criminal case supports a finding that Osvaldo Rodríguez used his restaurant business and his home to commit or to facilitate the commission of various illegal drug transactions, there is no issue of material fact to bar the Government's motion for summary judgment.

Osvaldo Rodríguez attempts to prevent the forfeiture proceedings on the grounds that he has appealed his criminal conviction in Cr. 88–469(HL) and that therefore his criminal conviction is not final. He urges this Court to await the outcome of his appeal before deciding this case.

Although Osvaldo Rodríguez makes a persuasive point, it is not supported by legal authority. This Court has previously stated in *Vega Arriaga v. J.C. Penney, Inc.*, 658 F.Supp. 117, 120 (D.P.R.1987) that:

> the established federal rule is that a judgment retains all of its *res judicata* consequences while pending decision on appeal. (citation omitted) This federal rule of finality of judgment for *res judicata* purposes follows logically from the Federal Rules of Civil Procedure, Rule 62(c) and the Rules of Appellate Procedure, Rule 8, which presume a district court judgment to be final and enforceable unless an application for stay and a

---

1. The present motion does not dispose of the pending claim of Commercial Mendoza, Inc. The United States has settled with claimants Banco de Ponce and Helen Martinó vda. de García. *See* Dockets Nos. 42 and 61, respectively.

supersedeas bond are presented in the first instance to the district court.[2] Hence, Osvaldo Rodríguez's conviction has preclusive effect in this civil action despite the pending criminal appeal.

 In addition, considering the nature of the civil forfeiture proceedings, this forfeiture may still proceed regardless of the outcome of the appeal since we have held that probable cause requirement has been satisfied by the Government. Civil forfeitures are not contingent upon the criminal convictions of the owners of the seized *res* because civil forfeiture proceeding is an *in rem* action which proceeds on the legal fiction that the seized property itself is guilty of wrongdoing. *United States v. $152,160.00 U.S. Currency*, 680 F.Supp. 354 (D.Colo.1988). Proof of criminal intent is not required for a civil forfeiture proceeding. A civil forfeiture action can be instituted at any time even after an acquittal. Both civil forfeiture proceedings and criminal actions can proceed simultaneously or consecutively because a criminal case is an entirely separate action from a civil forfeiture proceeding. *See United States v. A Parcel of Land with a Building*, 884 F.2d 41 (1st Cir.1989); *United States v. One 1977 Pontiac Grand Prix*, 483 F.Supp. 48 (N.D.Ill.1979). The primary purpose of civil forfeiture proceedings is to "protect the government from financial loss." *United States ex rel. Marcus v. Hess*, 317 U.S. 537, 548–49, 63 S.Ct. 379, 87 L.Ed. 443 (1943), *rehearing denied*, 318 U.S. 799, 63 S.Ct. 756, 87 L.Ed. 1163 (1943).

## II. STANDING OF OSVALDO RODRIGUEZ CARDONA'S FAMILY MEMBERS

The United States also contends that José Ismael Rodríguez Betancourt, Gladys Rodríguez García, Waleska Sánchez Miranda, Loida Ortiz Solivan and the children of Osvaldo Rodríguez Cardona lack standing to contest the forfeiture because they are not "owners" within the meaning of 21 U.S.C. sec. 881(a)(6). The statute provides:

All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter, *except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.*

21 U.S.C. sec. 881(a)(6) (emphasis added).

 A claimant seeking to challenge a forfeiture has the burden of establishing an ownership interest in the seized property sufficient to satisfy the court of his standing to contest the forfeiture. *United States v. $47,875.00 in U.S. Currency*, 746 F.2d 291 (5th Cir.1984); *United States v. One 1945 Douglas C–45*, 647 F.2d 864 (8th Cir.1981), *cert. denied in sub nom, Stumpff v. United States*, 454 U.S. 1143, 102 S.Ct. 1002, 71 L.Ed.2d 294 (1982); *United States v. One 1965 Cessna 320C Twin Engine Airplane*, 715 F.Supp. 808 (E.D.Ky.1989); *One (1) 1980 Stapelton Pleasure Vessel*, 575 F.Supp. 473. The term "ownership interest" has been liberally construed to encompass any person with a recognizable legal or equitable interest in the seized property. *$47,875 in U.S. Currency*, 746 F.2d at 293; *One 1965 Cessna*, 715 F.Supp. at 811. An ownership interest can be evidenced by title, actual possession, control and financial interest. *One 1945 Douglas*, 647 F.2d at 866.

 Claimants José Ismael Rodríguez Betancourt ("Rodríguez Betancourt") and Gladys Rodríguez García ("Rodríguez García") contend that they have an ownership interest in the seized residence ("Lot No. 76") because they have been record owners for the past ten years, even though

---

**2.** The Court also noted that the majority of states have adopted the federal rule. However, federal courts have applied the minority rule that no preclusive effect will be given to a judgment until it becomes final on appeal when sitting in diversity cases in jurisdictions following the minority rule. *Vega Arriaga*, 658 F.Supp. at 120.

they have allowed their son, Osvaldo Rodríguez, and his common law wife, Waleska Sánchez, to reside on said property. *See* Memorandum of Law in Support of Claim at 23.[3] However, in the oral deposition of Rodríguez Betancourt, he stated that he and his wife sold Lot No. 76 to his son Osvaldo Rodríguez for $30,000.00 on September 14, 1988, two months before seizure of said property. The sale was executed in a notarized public deed. No mortgage deed was executed for the $30,000.00. He also admitted that he was claiming in this case the purchase price because his son never paid them the $30,000.00. *See* Plaintiff's Exhibit 1 at 12–14. Osvaldo Rodríguez's companion, Waleska Sánchez Miranda, and their minor daughter are presently living at Lot No. 76.

We find that Rodríguez Betancourt and Rodríguez García no longer have an ownership interest in Lot No. 76. They lost ownership to this property when they sold it to their son, Osvaldo Rodríguez. They have no right to exercise dominion or control over the property because Osvaldo Rodríguez is now the record owner of Lot No. 76. They only have a claim against Osvaldo Rodríguez for the $30,000.00. Rodríguez Betancourt admitted in his deposition that he has no secure lien on Lot No. 76. Since they are considered unsecured creditors, they have no standing to prevent the forfeiture of this property. *United States v. Four Million, Two Hundred Fifty–Five Thousand Dollars*, 762 F.2d 895, 907 (11th Cir.1985), *cert. denied*, 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 772 (1986); *$46,875.00 in United States Currency*, 746 F.2d at 678; *United States v. $3,799.00 in United States Currency*, 684 F.2d 674, 678 (10th Cir.1982); *One 1965 Cessna*, 715 F.Supp. at 812–13.

■ The Court also finds that the three minor children of Osvaldo Rodríguez lack standing to challenge the forfeiture because they do not have a recognizable legal interest. They claim they have an interest in both seized properties because their father is legally bound to support them. It is true that under Puerto Rico law, a father has an obligation to support his children. 31 L.P.R.A. sec. 562. However, this is a personal right that the children have against their father and it is not considered a real property right. The issue the Court is faced with is whether the children have an ownership or possessory interest in the seized properties. The children do not own the properties in question and their entitlement for support from their father does not create an ownership interest in the father's real properties. The children's personal right for subsistence does not establish an *ipso facto* lien or encumbrance on the father's properties.

Moreover, children acquire proprietary interest in their parent's property when the children become heirs to the parent's estate. Under Puerto Rico's Civil Code, the rights of a prospective heir do not vest until the death of the intestate decedent. 31 L.P.R.A. sec. 2085. At this point in time, the children of Osvaldo Rodríguez have a mere expectancy of inheritance because Osvaldo Rodríguez is still alive. Accordingly, the children cannot claim a present or future proprietary interest in the seized properties and lack standing to prevent the forfeiture of the properties herein. *See United States v. Miscellaneous Jewelry*, 667 F.Supp. 232, 247–49 (D.Md.1987), *affirmed sub nom, Case of One 1985 Nissan*, 889 F.2d 1317 (4th Cir. 1989) (since the children became heirs after the seizure of their father's property, they lacked standing to contest the forfeiture). *See also Four Million Two Hundred Fifty Five Thousand Dollars*, 762 F.2d at 907; *$47,875.00 in United States Currency*, 746 F.2d at 678; *$3,799.00 in United States Currency*, 684 F.2d at 678.

■ As to Waleska Sánchez Miranda ("Waleska Sánchez"), the present companion of Osvaldo Rodríguez, we find that there is a genuine issue of material fact.

---

**3.** The parents of Osvaldo Rodríguez Cardona do not claim an ownership interest in the restaurant.

The Government argues that Waleska Sánchez' claim must be stricken from the record because she stated in her deposition that she has no interest over the seized properties except to represent her daughter's interest in her father's properties. *See* Exhibits 2 and 3. However, in examining the pleadings in this action, it is clear that she is seeking for herself certain rights and interests in the seized properties. In the memorandum of law in support of her claim, Waleska Sánchez contends that although she does not have ownership title to the seized properties, she has an ownership interest in said properties because she has lived with Osvaldo Rodríguez in a civil law relationship of "concubinage *more uxorio*," where she has contributed with her labor, efforts and resources for the improvements of the residence and for the success of the restaurant. She further claims that she did not have any knowledge of any illegal use of the properties and acted reasonably to avoid any such illegal use. These contentions are sufficient to raise a disputed factual issue of whether Waleska Sánchez is an innocent owner. This inquiry requires further factual development of the record and will depend on her credibility.[4]

 As to Loida Ortiz Solivan ("Loida Ortiz"), the former companion of Osvaldo Rodríguez, her claim is stricken from the record. Loida Ortiz has failed to establish the existence of an issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202. Her verified claim is scant and she did not file a memorandum of law to support her claim nor an opposition to the motion for summary judgment. In addition, she states in her deposition that she is a party to this action to protect the interests of her two sons, fathered by Osvaldo Rodríguez. Since she is no longer the companion of Osvaldo Rodríguez, she has no claim to his properties.

WHEREFORE, the United States' motion for summary judgment is GRANTED

in part as to claimants Osvaldo Rodríguez Cardona, Ismael Rodríguez, Gladys Rodríguez, the children of Osvaldo Rodríguez Cardona, and Loida Ortiz Solivan. The motion for summary judgment is DENIED as to claimant Waleska Sánchez Miranda.

Accordingly, a hearing on Waleska Sánchez Miranda's claim is hereby set for *July 12, 1990, at 2:00 P.M.*

IT IS SO ORDERED.

---

4. It is not necessary at this time to discuss the effect of Puerto Rico's property laws regarding common ownership between cohabiting couples. If Waleska Sánchez is found not to be an innocent owner then she forfeits any interest she may have in the seized property. *United States v. One 1979 Cherokee Jeep*, 639 F.2d 212, 213 (5th Cir.1981).