**UNITED STATES of America, Plaintiff,**

v.

**REAL PROPERTY IN SOUTH PORTLAND, MAINE,**
Defendant.

Civ. No. 90–0275.

United States District Court,
D. Maine.

March 19, 1991.

See also 758 F.Supp. 772.

Jonathan R. Chapman, Asst. U.S. Atty., Portland, Me., for U.S.

Stanley Greenberg, Portland, Me., for Sears, Roebuck.

James R. Bushell, Portland, Me., for Judith A. Baker.

Thomas Powers, Seaborn Associates, Portland, Me., for Robert Tanner.

### MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO STRIKE CLAIMS

GENE CARTER, Chief Judge.

Both Katherine Baker Carter and Kristina Baker have asserted claims to Defendant property in this forfeiture action. The Government has moved for entry of default against these claimants for failure to file an answer. The Government has also filed a motion to strike their claims on the grounds that neither claimant has standing to contest the forfeiture of the Defendant *in rem* and that neither has filed an answer within the time prescribed by Rule C(6) of the Supplemental Rules For Certain Admiralty and Maritime Claims.

■ The record demonstrates that neither claimant filed an answer to the verified complaint *in rem* within the 20 days after filing the claim, as required by Rule C(6), and that in fact neither has filed an answer to date. In addition, neither claimant has filed a timely objection to the motion to strike her claim as required by Local Rule 19. That rule provides that an opposing party who fails to file an objection within ten days from the date of filing a motion will be deemed to have waived objection to the motion. In a forfeiture case similar to this one, where appellants failed to file a timely claim and answer and also failed to respond to other motions filed by the Government, the Court of Appeals for the First Circuit recently affirmed the dismissal of the claims, holding that strict adherence to Rule C(6) is required. *United States v. One Dairy Farm*, 918 F.2d 310, 312 (1st Cir.1990).[1]

---

1. The court in *One Dairy Farm* distinguished a prior case in which it had excused a failure of strict compliance with Rule C(6). In that case, *United States v. One Urban Lot Located at 1 Street A–1*, 885 F.2d 994, 999 (1st Cir.1989), the court held that despite the rule's requirement of the filing of both a claim and an answer, "where the claimant timely filed a *verified* answer containing all the information required in the claim, the answer may be deemed to have ful-

■ The possible harshness of strictly applying Rule C(6) and Local Rule 19 in this case where claimants are unrepresented, but have appeared both for depositions and a hearing on an order to show cause, is a matter of some concern to the Court. However, careful examination of the claims of Kristina Baker and Katherine Baker Carter, as articulated in their filings and deposition testimony, convinces the Court that neither of these women would have standing to assert their claims in any event. The District Court in Puerto Rico has recently articulated the standing standards for challenging a forfeiture:

> A claimant seeking to challenge a forfeiture has the burden of establishing an ownership interest in the seized property sufficient to satisfy the court of his standing to contest the forfeiture.... The term "ownership interest" has been liberally construed to encompass any person with a recognizable legal or equitable interest in the seized property.... An ownership interest can be evidenced by title, actual possession, control and financial interest.

*United States v. One Rural Lot,* 739 F.Supp. 74, 77 (D.P.R.1990) (citations omitted). The record shows that neither Kristina Baker nor Katherine Baker Carter had title to Defendant property. Their mother, Judith A. Baker, is the record titleholder. Although both women lived at the house from time to time, the record indicates their mother, who also lived there, and their grandmother paid the bills, including the mortgage, and that Judith Baker rented part of the house to various other people. There is nothing in the record to indicate that Kristina Baker or Katherine Baker Carter, rather than Judith A. Baker, had actual possession or control over Defendant property.

Both claimants have described their interest in Defendant property as the expectation that one day they will inherit it. A child's expectation of inheritance from a parent, in a situation like this where the parent is still alive, is an inchoate interest at best, since it can only be determined at the time of the parent's death. *See Gatchell v. Curtis,* 134 Me. 302, 306–07, 186 A. 669 (1936). Such an expectation does not constitute a proprietary interest sufficient to give these claimants standing to challenge the forfeiture. *United States v. One Rural Lot,* 739 F.Supp. at 78.

Katherine Baker Carter testified at her deposition that her grandmother sold Defendant property to Judith Baker below market value based on a verbal agreement that Judith Baker could not sell it but must pass it on to claimants.[2] This purported agreement did not give rise to a property interest in Defendant property for claimants. The record contains a warranty deed conveying Defendant property to Judith A. Baker, "with all the privileges and appurtenances thereof." Moreover, the statute of frauds requires that contracts for the sale of land or agreements to give property by will must be in writing in order to be enforceable. 33 M.R.S.A. § 51.

Both claimants also assert that Social Security payments received by their mother for them as a result of their father's death were used to purchase Defendant property. Social Security payments made to a representative payee are for the use and benefit of the beneficiary. 42 U.S.C. § 405(j). While the Supreme Court does not consider children's Social Security benefits to be child support as envisioned in the laws governing Aid to Families with Dependent Children, it has recently described them as " 'support' in the generic sense." *Sullivan v. Stroop,* —— U.S. ——, 110 S.Ct. 2499, 110 L.Ed.2d 438 (1990). The fact that Ju-

---

filled the function of a claim in terms of establishing the owner's standing." (Emphasis in original.) While an answer may contain all the information required in the claim, the claims presented here do not provide all the information required in the answer. For example, the claims do not refer in any respect to the allegations in the verified complaint that Defendant property was used for drug trafficking. Thus, the Court does not read *One Urban Lot* as re-

quiring that filing of a claim necessarily be a permissible substitute for filing of an answer, which, under the rule, is supposed to be filed after the claim.

2. Judith Baker's claim also refers to this agreement as, in her opinion, establishing an interest in her daughters in Defendant property.

dith Baker was required, both as parent and as representative payee of her daughters' Social Security benefits, to provide support for them and did so by buying a house in which they lived, does not create a lien for them on that property. *See United States v. One Rural Lot*, 739 F.Supp. at 78 ("The children do not own the properties in question and their entitlement to support from their father does not create an ownership interest in the father's real properties.")

Finally, Katherine Baker Carter testified that she had made certain improvements on the house entitling her to an interest in it. She stated: "We've done a lot of restoration, I have personally invested some money into it, restoring floors, restoring woodwork.... I wanted my own room and I made the attic my room." Ms. Carter does not suggest that any interest in the property was actually transferred to her in return for her contributions to the improvements made or that she made them under any sort of contract with her mother. While Ms. Carter's contributions to the care of the house might have given rise to certain obligations on the part of her mother, the record owner, they do not give rise to a secured lien. As, at most, a mere unsecured creditor, Ms. Carter does not have standing to prevent the forfeiture of this property. *Id.*

Even if Kristina Baker and Katherine Baker Carter had filed an answer to the complaint and an objection to Plaintiff's Motion to Strike, neither their filed claims nor their deposition testimony demonstrates that either of them has an interest in Defendant property sufficient to give her standing to assert a claim to it.

Accordingly, it is *ORDERED* that Plaintiff's Motion to Strike the Claims of Kristina Baker and Katherine Baker Carter be, and it is hereby, *GRANTED*. It is *FURTHER ORDERED* that Plaintiff's Request to Enter Default be, and it is hereby, *DISMISSED* as moot.

SO ORDERED.