**UNITED STATES of America, Plaintiff,**

**v.**

**ONE 1987 CADILLAC DEVILLE, VIN 1G6CD5184H4348815, with All Appurtenances and Attachments Thereon, Defendant.**

Civ. A. No. 90–642–JLL.

United States District Court,
D. Delaware.

Sept. 24, 1991.

222

Patricia C. Hannigan, Asst. U.S. Atty., Wilmington, Del., for plaintiff.

Christopher J. Battaglia, Biggs & Battaglia, Wilmington, Del., for claimant, Harry Swiney.

## OPINION

LATCHUM, Senior District Judge.

The United States has moved for summary judgment pursuant to Federal Rule 56 to dismiss the claimant's protest to the forfeiture of an automobile. (Docket Item ["D.I."] 24). The United States argues that the claimant is merely an unsecured creditor, whose interest is insufficient to give him standing. On the other hand, the claimant contends that he has a perfected purchase money security interest in the vehicle, which is sufficient to give him standing to protest the forfeiture. For the reasons stated hereafter, the Court grants the motion for summary judgment and dismisses the Claim for lack of standing.

## I. FACTUAL BACKGROUND

United States agents concluded that there was probable cause to believe that the purchase of a 1987 Cadillac DeVille constituted "money laundering" of illegal drug profits in violation of 18 U.S.C. §§ 1956 and 1957 and that the structure of the transaction violated 31 U.S.C.

§§ 5313(a) and 5324. (D.I. 1, Complaint ¶ 1; D.I. 2, Hyden Aff.) The Government seized the vehicle and brought a civil action *in rem* for its forfeiture under the authority of 21 U.S.C. § 881(a)(4) and 18 U.S.C. § 981(a)(1)(A). (D.I. 1, Complaint ¶¶ 1, 8).

The claimant, Harry Swiney, contends that he is a lienholder without knowledge of, consent to, or acquiescence to illegal conduct entitled to protection from the forfeiture under 18 U.S.C. § 981(a)(2) and 21 U.S.C. § 881(a)(4)(A) and (C). (D.I. 5, Claim ¶ 14) Linda Jennifer, the claimant's cousin, had purchased the vehicle. (D.I. 2, Hyden Aff. ¶ 2; D.I. 23, Swiney Dep. at 28–29, 72–73) Mr. Swiney provided $17,000 in cash and money orders for the purchase and had possession and use of the vehicle after the purchase. (D.I. 2, Hyden Aff. ¶ 2; D.I. 5, Claim ¶ 11; D.I. 23, Swiney Dep. at 77–84) Nevertheless, he repeatedly denied that he was the owner of the car. (D.I. 5, Answer ¶ 6; D.I. 23, Swiney Dep. at 77–83). He testified that he loaned the money for the purchase and expected occasional use of the vehicle. (D.I. 23, Swiney Dep. at 26–29) The claimant further stated that the car was intended to be collateral for the loan of the purchase price. (D.I. 5, Answer ¶ 6, Claim ¶ 11) In his deposition Mr. Swiney averred that he has never received any money, no payment schedule had ever been agreed upon, and there was no written evidence of any type of an agreement. (D.I. 23, Swiney Dep. at 115–16) The loan, according to Mr. Swiney, was made in accordance with informal lending practices in his family. (D.I. 23, Swiney Dep. at 17–21) The claimant has made no showing that he has noted his lien or encumbrance on the vehicle's Certificate of Title or filed a financing statement.

## II. STANDARD

Under Federal Rule 56 of the Federal Rules of Civil Procedure, this Court must consider the facts before it in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The evidence of the non-moving party must be accepted as true. *Id.* at 255, 106 S.Ct.

at 2513. As the moving party, the United States must demonstrate that no general issues of material fact exist and that it is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Once the United States has met this burden, the burden shifts to the non-moving party. Summary judgment is required where the non-moving party fails to meet this burden by failing to establish an essential element of that party's case. *Id.* at 322, 106 S.Ct. at 2552.

## III. DISCUSSION

### A. *Applicability Of Relevant Statutes*

First, we may dispose of the basis of the claim under 21 U.S.C. § 881(a)(4)(A). This statute only protects property if it is used as a common carrier in the transaction of business. *Id.* The claimant has not made any showing that the property served in this capacity and cannot claim any protection that this statute could possibly provide.

The claimant relies on two relevant statutes to assert a defense as an innocent owner. Under 18 U.S.C. § 981(a)(2), "no property shall be forfeited under this section ... to the extent of the interest of an owner or lienholder by reason of an act or omission established by that owner or lienholder to have been committed without the knowledge of that owner or lienholder." Similarly, 21 U.S.C. § 881(a)(4)(C) provides that with regard to the forfeiture of certain conveyances,

> [N]o conveyance shall be forfeited under this paragraph to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed without the knowledge, consent, or willful blindness of the owner.

In order to gain standing to assert the Claim to the seized property, the claimant must establish that he is either a "lienholder" or an "owner" under these statutes.

### B. *The Nature Of The Claimant's Property Interest For The Purposes Of Summary Judgment*

Before deciding whether the claimant's interest is sufficient for these purposes un-der federal law, the nature of his interest must be determined under Delaware law. The claimant contends that he possesses a perfected purchase money security interest in the automobile. In his Claim and his Answer, the claimant states that the car constituted collateral for repayment of the $17,000 loan made to his cousin. For the purposes of this summary judgment motion, the Court must accept the claimant's contentions as true where facts are disputed. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). The United States has not demonstrated that the undisputed facts show that any of the components necessary for the attachment of a security interest enforceable against the owner are lacking. *See* Del.Code Ann. tit. 6 § 9–203(1)(a) (Supp.1990) (stating elements necessary for the attachment of a security interest). Similarly, the United States has not shown that this interest could not constitute a purchase money security interest. *See* Del. Code Ann. tit. 6 § 9–107(b) (Supp.1990) (defining purchase money security interest). The Court can therefore assume for its purposes that the claimant has this type of interest in the automobile enforceable against his cousin to whom he made the loan.

The perfection of that interest, however, is another matter. The claimant contends that simple possession is sufficient to perfect his interest. Delaware law, however, provides that "[a] financing statement must be filed to perfect all security interests except ... [a] purchase money security interest in consumer goods; *but filing is required for a motor vehicle to be registered.*" Del.Code Ann. tit. 6 § 9–302(1)(d) (Supp.1990) (emphasis added). The claimant could have satisfied the filing requirement by noting the lien or encumbrance on the Certificate of Title. Del.Code Ann. tit. 6 § 9–302(3)(b) (Supp.1990). The claimant has not shown that he has properly perfected his interest because he relies only on possession of the vehicle, which is not sufficient. At most, the claimant has an unperfected interest in the car only enforceable against the owner, his cousin.

■ In the present case the question is whether the claimant's interest is sufficient to give possessory rights over the vehicle in relation to another party who claims an interest, the United States. The claimant did not properly put the United States on notice that he claims an interest in the motor vehicle, and therefore the Government's interest in the vehicle must take priority over that of the claimant. Under Delaware law, an unperfected security interest is subordinate to the interest of a creditor who obtains a lien by a seizure or levy. Del.Code Ann. tit. 6 § 9–301(1)(b) & (3) (Supp.1990). The claimant's interest in the property cannot be effective against the Government's lien on the property. Against the Government, the claimant stands in the position of an unsecured creditor. In a similar case, *United States v. One 1965 Cessna 320C Twin Engine Airplane*, 715 F.Supp. 808 (E.D.Ky.1989), the court found that a claimant who failed to file a financing statement as required by state law lacked standing to challenge a forfeiture. The court found that the claimant's interest was secondary to the interest of the Government and the claimant could only have the status of an unsecured creditor against the United States. *Id.* at 811 ("It is clear that because the obligation was not perfected under the UCC, the claimant does not have a secured interest in the aircraft."); *see also United States v. Campos*, 859 F.2d 1233, 1240 (6th Cir.1988) ("[Criminal] forfeiture preempts the claim of a secured (but unrecorded) interest holder not demonstrated to have been involved in the illegal use of the forfeited aircraft."). The claimant in this case stands in a similar position.

## C. *The Sufficiency Of The Claimant's Property Interest*

■ The burden is upon the claimant to show that his interest is sufficient to contest a forfeiture. *United States v. One Rural Lot*, 739 F.Supp. 74, 77 (D.P.R.1990). The necessary interest "may be defined as a possessory interest in the seized property from which flows the right to exercise dominion and control." *United States v. One 1945 Douglas C–54 (DC–4) Aircraft, Serial No. 22186*, 604 F.2d 27, 28 (8th Cir. 1979); *United States v. One (1) 1980 Stapelton Pleasure Vessel, Named Threesome, Registration No. FL4180EA*, 575 F.Supp. 473, 477 (S.D.Fla.1983). In this case the claimant relies on an alleged security interest to give him possessory rights over the vehicle. Since the claimant's alleged security interest is not effective against third parties, he has no more standing than an unsecured creditor. Unsecured creditors do not have a sufficient property interest to contest the forfeiture of seized property. *United States v. Four Million Two Hundred Fifty–Five Thousand Dollars*, 762 F.2d 895, 907 (11th Cir.1985), *cert. denied*, 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 772 (1986); *United States v. $47,875.00 in U.S. Currency*, 746 F.2d 291 (5th Cir.1984); *United States v. 127 Shares of Stock in Paradigm Mfg., Inc.*, 758 F.Supp. 581 (E.D.Cal.1990); *United States v. One 1965 Cessna 320C Twin Engine Airplane*, 715 F.Supp. 808, 812 (E.D.Ky.1989). If the claimant does indeed have a valid agreement with his cousin, the owner of the car, for repayment of a loan, he may seek redress from her. Without giving the required notice, however, he cannot claim an interest in the car against other parties and therefore lacks standing to protest the forfeiture.

## FINAL ORDER

For the reasons set forth in the Court's Memorandum Opinion entered in this case this date, it is

ORDERED that summary judgment is hereby granted in favor of the plaintiff, the United States of America, and against the claimant, Harry Swiney.