UNITED STATES of America, Plaintiff,

v.

**127 SHARES OF STOCK IN PARADIGM MFG., INC., a Corporation; 210 Shares of Stock in Paraclipse, Inc., a Corporation; Paradigm Mfg., Inc., a Corporation; Paraclipse Inc., a Corporation; and Carol Andrews Orcutt, Defendants.**

**Carol Andrews Orcutt, Joy Marie Andrews and Jill Nicole Andrews, Claimants.**

**No. CIV S–89–1088 RAR.**

United States District Court,
E.D. California.

Nov. 20, 1990.

**582**

Franklin S. Cibula, Cibula & Arel, Redding, Cal., Brian Van Voris, Redding, Cal., Michael Andrews, San Quentin, Cal., Jack Connelly, Redding, Cal., for defendants.

David F. Levi, U.S. Atty., Edward L. Knapp, Asst. U.S. Atty., Sacramento, Cal., for plaintiff U.S.

### ORDER GRANTING SUMMARY JUDGMENT

McKIBBEN, District Judge.

The motion for summary judgment of Plaintiff UNITED STATES OF AMERICA came on for hearing on October 22, 1990. Assistant U.S. Attorney Edward L. Knapp appeared for Plaintiff. Franklin S. Cibula, Esq., appeared for claimants CAROL AN-

DREWS ORCUTT, JOY MARIE ANDREWS and JILL NICOLE ANDREWS.

The pleadings previously filed in this matter, the memoranda and declarations filed by the parties and the arguments of counsel having been duly considered, it is hereby ordered as follows.

■ The claim of minors JOY MARIE ANDREWS and JILL NICOLE ANDREWS is based on their alleged status as creditors of their father, Michael Andrews, for unpaid child support. Said claimants have not established that their general right to child support has been reduced to a judgment, nor that any judgment was ever executed against defendant property before it was seized by Plaintiff pursuant to the Seizure Warrant in this case. The minor children are therefore, at most, general unsecured creditors of Michael Andrews. Children do not have standing to assert a claim contesting the forfeiture of assets of their parents in general, since their only interest in their parent's property is a mere expectancy. *U.S. v. 6109 Grubb Road, Millcreek Tp., Erie County,* 708 F.Supp. 698 (W.D.Pa.1989), vacated on other grounds, *U.S. v. Property Known as 6109 Grubb Road,* 886 F.2d 618 (3rd Cir.1989); *Case of One 1985 Nissan 300 ZX,* 889 F.2d 1317 (4th Cir.1989). General unsecured creditors do not have standing to contest the forfeiture of property of their debtor. *U.S. v. $3,799.00 in United States Currency,* 684 F.2d 674 (10th Cir.1982); *U.S. v. Five Hundred Thousand Dollars,* 730 F.2d 1437 (11th Cir.1984); *U.S. v. $47,875.00 in U.S. Currency,* 746 F.2d 291 (5th Cir.1984); *United States v. One 1965 Cessna 320C Twin Engine Airplane,* 715 F.Supp. 808, 812 (E.D.Ky.1989) ("The federal courts have consistently held that an unsecured creditor has no standing to contest the forfeiture of seized property").

Therefore the minor claimants do not have a sufficient interest in defendant property to confer statutory standing under 21 U.S.C. § 881, and summary judgment is granted in favor of Plaintiff UNITED STATES OF AMERICA and against Claimants JOY MARIE ANDREWS and JILL NICOLE ANDREWS.

■ The claim of CAROL ANDREWS ORCUTT to one half of defendant property remains. Plaintiff UNITED STATES OF AMERICA has filed affidavits in which Michael Andrews admits that he purchased defendant shares of stock using funds generated from illegal sales of drugs, and that Andrews attempted to hide the true ownership of the stock by setting up a sham transaction by which Michael Andrews produced the funds for the purchase, but the stock was put in the name of his father, Elmer Andrews, in order to hide the true ownership from his wife, Carol Andrews (now claimant CAROL ANDREWS ORCUTT), in the event that they later divorced. Elmer Andrews' sworn statement verifies that he invested none of his own money to buy the stock, and confirms that his son Michael asked him to permit the stock to be listed in his name in order to hide it from Carol Andrews. The stock was later transferred from Elmer Andrews into the name of Michael Andrews, and later divided equally between Michael Andrews and Carol Andrews when they eventually divorced.

Claimant CAROL ANDREWS ORCUTT has filed declarations in opposition to Plaintiff's motion for summary judgment which do not contest that her former husband, Michael Andrews, may have engaged in the distribution of illegal drugs. Rather, Claimant CAROL ANDREWS ORCUTT takes the position that she was completely ignorant of her former husband's illegal activities, and completely ignorant of any aspect of family income during the time she was married to Michael Andrews. CAROL ANDREWS ORCUTT had no income whatsoever herself during the marriage. She believed that her husband had legitimate sources of income, based on what he told her and the fact that she observed that he had several pieces of construction equipment. She further states that she was told by Michael Andrews that defendant shares of stock were purchased originally by Michael Andrew's father, Elmer Andrews, with his own funds, and that Michael Andrews later purchased them from his father with legitimate funds. She

**584**

has submitted the papers which document the transaction described by Michael and Elmer Andrews by which the stock was put in the name of Elmer Andrews, which on their face appear to constitute a legitimate transaction but which Michael and Elmer Andrews describe as a sham created to give that illusion.

Claimant CAROL ANDREWS ORCUTT contends that her ignorance of her former husband's illegal activities renders her an "innocent owner" of defendant property under 21 U.S.C. § 881(a)(6). There are unresolved issues of fact regarding her "innocence," but they are irrelevant to the Court's disposition of the motion. The Court does not have to reach the issue of her innocence because she does not qualify as an owner. Claimant has not created any triable issue of fact because her position is consistent with Plaintiff's version of the facts. Plaintiff has established that defendant shares of stock were originally acquired by Michael Andrews with drug proceeds, and that the transaction was purposefully arranged to deceive Carol Andrews. Carol Andrews' declarations merely prove that she was in fact deceived by the scheme. Her protestations of ignorance do not rebut Plaintiff's facts, and the Court deems as established that defendant property was purchased with drug proceeds.

 In a forfeiture case brought under 21 U.S.C. § 881, once the government establishes probable cause to believe that defendant property was acquired with drug proceeds, the burden of proof shifts to the claimant to establish by a preponderance of the evidence that the asset was acquired with an alternate legitimate source of funds. *U.S. v. $215,300 in U.S. Currency*, 882 F.2d 417, 420 (9th Cir.1989) ("To rebut the government's showing of probable cause, it was incumbent upon claimant to prove the money had an independent innocent source"). Claimant's protestations of ignorance about the source of income are insufficient to rebut the government's showing of an illegal source, and Claimant has not produced any evidence of an alternate legitimate source.

 Once the government establishes that defendant property was purchased with drug proceeds, and if the claimant is unable to establish by a preponderance of the evidence that there was an alternate innocent source of funds, the property is forfeit to the United States. Under the "relation back" doctrine codified at 21 U.S.C. § 881(h), the property is forfeit as of the time of the illegal act giving rise to the forfeiture. In the instant case, the drug proceeds were forfeited to the U.S. before the actual drug sale took place, and hence before Michael Andrews received physical possession of the drug proceeds with which he later purchased defendant shares of stock. *U.S. v. $5,644,540.00 in U.S. Currency*, 799 F.2d 1357 (9th Cir.1986); *Eggleston v. State of Colorado*, 873 F.2d 242 (10th Cir.1985), *cert. denied*, —— U.S. ——, 110 S.Ct. 1112, 107 L.Ed.2d 1019; *Case of One 1985 Nissan 300ZX*, 889 F.2d 1317 (4th Cir.1989). Since the drug proceeds were forfeit to the U.S. before Michael Andrews received them, Claimant CAROL ANDREWS ORCUTT could not have acquired a community property interest in them, and no later event, such as the equal division of the marital assets in a state court divorce action, can affect the government's interest. *Simons v. United States*, 541 F.2d 1351 (9th Cir.1976).

Summary judgment of forfeiture is therefore granted in favor of Plaintiff UNITED STATES OF AMERICA and against claimant CAROL ANDREWS ORCUTT.

The shares of stock originally named as a defendant herein have been sold by stipulation of the parties. Pursuant to a Stipulation and Order filed on January 31, 1990, the sales proceeds have been substituted in as the defendant *res* herein, and have been deposited in an interest-bearing account pending a further order. The Court orders that the sales proceeds are forfeited to the UNITED STATES OF AMERICA, and said funds, including all interest earned thereon, shall be disbursed forthwith to the United States of America.