**UNITED STATES of America, Plaintiff,**

v.

**$319,603.42 IN UNITED STATES CURRENCY, IN REM, Defendant.**

**Civil No. 91–1025–BE.**

United States District Court, D. Oregon.

April 16, 1992.

---

Charles H. Turner, U.S. Atty., Dist. of Oregon, Leslie J. Westphal, Asst. U.S. Atty., Portland, OR, for plaintiff.

Curtis D. Kinsley, Banton & Kinsley, P.C., Lake Oswego, OR, for claimant Loretta Coleman–Alexander.

James F. Halley, Weintraub & Halley, Portland, OR, for claimant Wallace Carter.

## OPINION

BELLONI, District Judge.

This is a civil forfeiture action concerning $319,603.42 in United States currency. The United States moves for summary judgment against the claim of Loretta Coleman–Alexander. Oral argument was held on April 16, 1992.

## BACKGROUND

The defendant currency was seized from a safety deposit box and certificate of deposit held at the SeaFirst Bank in Vancouver, Washington. The safety deposit box and certificate of deposit are in the name of claimant Wallace Carter. The government asserts that the $319,603.42 is forfeitable because it is the proceeds of illegal pharmaceutical drug sales by Wallace Carter.

Claimant Loretta Coleman–Alexander has no connection with the alleged illegal activities by Carter. Coleman–Alexander is a former tenant of Carter, who asserts that Carter and his son assaulted and injured her in May, 1980. Coleman–Alexander filed an action for damages against Carter, and secured a default judgment for $250,111.98 on November 3, 1981. Coleman–Alexander attempted to execute the judgment on property of Carter, such as automobiles, but was unable to satisfy the judgment. Coleman–Alexander was unaware of the safety deposit box and certificate of deposit maintained by Carter at the SeaFirst Bank until after the government seized the defendant currency.

According to the evidence submitted by the government, Carter did not commence his drug activities until after Coleman–Alexander secured her judgment. Carter disputes the contention of the government that the seized funds came exclusively from illegal drug transactions, and contends that some or all of the money came from legitimate income or savings.

### DISCUSSION

■ Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In a civil forfeiture case, the summary judgment procedures must be construed in light of the statutory law of civil forfeitures, and particularly the procedural requirements of such cases. *United States v. One 56–Foot Motor Yacht Named Tahuna,* 702 F.2d 1276, 1281 (9th Cir.1983).

■ In a civil forfeiture action each claimant has a threshold burden to establish standing as a claimant, that is, that the claimant owns or has some legal or equitable interest in the specific property that the government seeks to forfeit. *United States v. $15,500.00,* 558 F.2d 1359, 1361 (9th Cir. 1977); *United States v. 127 Shares of Stock in Paradigm Mfg.,* 758 F.Supp. 581, 583 (E.D.Cal.1990). To determine whether a claimant has a sufficient interest in the defendant property, the federal courts look to the appropriate state law regarding property interests. *United States v. Lot 9, Block 2 of Donnybrook Place,* 919 F.2d 994, 1000 (5th Cir.1990); *United States v. Lot 111–B, etc.,* 902 F.2d 1443 (9th Cir.1990).

■ In this case, it is undisputed that claimant Coleman–Alexander obtained a judgment against claimant Wallace Carter in November, 1981. It is also undisputed that Coleman–Alexander was unaware of the safety deposit box and certificate of deposit maintained by Carter at the SeaFirst Bank. Therefore, Coleman–Alexander did not levy upon, or otherwise attach the currency involved in this case before it was seized by the government.

■ Under Oregon law, judgment creditors may use a number of procedures to aid in the execution of a judgment, including writs of execution and attachment. However, personal property of a judgment debtor is not affected until it is levied upon. O.R.S. § 23.410(5). In order to levy upon portable personal property such as currency, the property must be attached and taken into the possession of the sheriff. O.R.S. § 23.410(4). Bank accounts may be levied upon by attachment or garnishment. Until a lien is created by such means, the holder of a judgment is in the position of a general, unsecured creditor with respect to personal property of the judgment debtor. *Id.; see also United States v. U.S. Currency and Coin: $558,-110.00,* 626 F.Supp. 517 (S.D.Ohio 1985).

The federal courts have consistently held that general, unsecured creditors do not have standing to contest the civil forfeiture of specific pieces of property seized from a debtor. *United States v. Five Hundred Thousand Dollars,* 730 F.2d 1437 (11th Cir. 1984); *127 Shares of Stock in Paradigm Mfg., supra,* 758 F.Supp. 581. Coleman–Alexander has cited various decisions which, at first glance, appear to contradict this principle. However, these decisions concern criminal forfeiture actions, which are based on different statutory language and legal principles than civil forfeiture. These decisions recognize the distinctions between the standing requirements in civil and criminal forfeiture cases. *United States v. Lavin,* 745 F.Supp. 1065, 1068 (E.D.Pa.1990); *United States v. Reckmeyer,* 628 F.Supp. 616 (E.D.Va.1986). Moreover, even if the distinctions between civil and criminal forfeitures were not so clear, the cases cited by Coleman–Alexander indicate that the term "bona fide purchaser" (a term taken from the criminal forfeiture statutes) does not extend to a judgment creditor in a tort case. *United States v. Mageean,* 649 F.Supp. 820 (D.Nev.1986), *aff'd,* 822 F.2d 62 (9th Cir. 1987).

Coleman–Alexander also cites several state law cases for the proposition that a judgment is treated as a contract between the plaintiff and defendant, suggesting that impairment of her rights as a judgment creditor could violate the Contract Clause of the United States Constitution. These cases are of questionable relevance, and the quoted language certainly does not stretch as far as Coleman–Alexander would suggest.

■ Moreover, although it is true that a judgment creates rights which cannot be taken without due process of law, *Collins v. Welsh,* 75 F.2d 894, 897 (9th Cir.1935), this

**1226**

forfeiture action does not modify or impair Coleman–Alexander's rights under the judgment. As discussed above, as a judgment creditor, Coleman–Alexander's interest in personal property of the judgment debtor depends upon whether she has levied upon that specific property. It is undisputed that Coleman–Alexander has not levied upon the defendant property.

Coleman–Alexander has raised sympathetic arguments. It is true that the forfeiture statutes were not intended to punish innocent parties with no involvement in the proscribed activities. However, there are policy reasons in support of the decision to grant standing only to persons who can establish an interest in the specific property to be forfeited. Civil forfeiture actions are designed to determine limited issues regarding specific pieces of property, not to adjudicate all claims and debts between the claimants to the property. The standing requirements in civil forfeiture cases are dictated by the statutes which govern civil forfeiture.

I find that as a matter of law, under the undisputed facts, claimant Coleman–Alexander cannot establish standing as a claimant to the defendant currency seized from Wallace Carter's bank. Therefore, I grant the motion of the United States for summary judgment against Coleman–Alexander's claim. It is unnecessary to reach the issue of probable cause for forfeiture, and this ruling does not affect the rights of any other claimant in this case.

### CONCLUSION

The motion of the United States for summary judgment against the claim of Loretta Coleman–Alexander is granted.