**Sally HELFENBEIN,
Petitioner/Appellant,**

v.

**Stanley HELFENBEIN,
Respondent/Respondent.**

No. 64188.

Missouri Court of Appeals,
Eastern District,
Division One.

March 1, 1994.

William Gillespie, John T. Sluggett II, Schumaier & Sluggett, Clayton, for petitioner-appellant.

Jeremiah Lawrence Phelan, Jr., Clayton, for respondent-respondent.

REINHARD, Judge.

Wife appeals from the trial court's denial of her motion to revive judgment and from the court's order granting husband's motion to quash execution on real property jointly owned by husband and current wife. We reverse and remand in part, and affirm in part.

On March 16, 1976, the Superior Court of California, County of Los Angeles, entered an Interlocutory Judgment dissolving husband and wife's marriage. A final judgment was entered on July 21, 1976.

On October 15, 1981, a Stipulation for Consent Judgment (hereinafter consent judgment) was filed in St. Louis County Circuit Court. The stipulation provided, in relevant part:

### STIPULATION FOR CONSENT JUDGMENT

Come now the parties individually and by and through their attorneys and stipulate as follows:

1. That by consent registration of the foreign judgment hereinbefore prayed may be entered by this Court as a Missouri judgment.

2. The parties agree that Respondent will pay to Petitioner the sum of Four Thousand Dollars ($4,000.00) in full and complete settlement and satisfaction of all sums now due and owing or alleged to be due and owing by Respondent to Petitioner in connection with said foreign judg-

ment up to and including the month of October, 1981.

3. Petitioner by and through her attorney agree to immediately release the garnishment now pending against Respondent's employer Rockwell International Corporation as of October 15, 1981 and that Petitioner shall be solely responsible for any attorney's fees and costs incurred in connection with said garnishment action.

4. Respondent agrees to be responsible to begin to make periodic payment for spousal support as per the original judgment to Petitioner; said payments to begin on November 1, 1981. Petitioner's attorney is to provide Respondent or his attorney with Petitioner's current address or an address to which said payments can be made.

5. Both parties agree and understand that the original judgment is still binding on both parties until modified or terminated by an appropriate order of the Court of original jurisdiction namely; the Superior Court of the County of Los Angeles, State of California; and that by this registration herein the Circuit Court of St. Louis County, Missouri does not obtain jurisdiction to alter or modify said judgment.

On December 3, 1992, wife caused to be issued a writ of garnishment and a writ of execution on real property purchased by husband and new wife in 1979 and titled at that time in their joint names. On April 15, 1993, wife filed a Motion for Revival of Judgment. She alleged that husband had stopped making maintenance payments starting with the payment due April 15, 1983. She alleged husband was $17,775.00 in arrears.

Husband filed a motion to quash the execution and filed a reply to wife's motion to revive. He also filed an affidavit in support of his reply to the motion of revival, in which he stated he had not made *any* payments to wife subsequent to the consent decree. The circuit court denied wife's motion to revive and granted husband's motion to quash execution. Wife appeals both actions.

In her first point on appeal, wife asserts the circuit court erred in denying her motion for revival in that the court:

... ignored the plain meaning of RSMo Section 516.350 (1986), as amended in 1982, judicially interpreted to hold that where judgment provides for periodic maintenance payments, the ten-year statute of limitations period runs from the time that a particular payment was due, and not from the date of the original judgment.

We agree with wife that the court erred in denying her motion to revive. In so doing the court evidently accepted husband's argument that subsection 2 of § 516.350 [1] was inapplicable because over ten years had passed *since the entry* of the consent judgment. Section 516.350 provides:

1. Every judgment, order or decree of any court of record of the United States, or of this or any other state, territory or country, *except for any judgment, order, or decree awarding child support or maintenance which mandates the making of payments over a period of time,* shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, or if the same has been revived upon personal service duly had upon the defendant or defendants therein, *then after ten years from and after such revival,* or in case a payment has been made on such judgment, order or decree, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made, and after the expiration of ten years from the date of the original rendition or revival upon personal service, or from the date of the last payment, such judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever. (Emphasis added).

2. In any judgment, order, or decree *awarding child support or maintenance, each periodic payment shall be presumed paid and satisfied after the expiration of ten years from the date that periodic payment is due, unless the judgment has been*

1. All statutory citations are RSMo 1986 unless otherwise noted.

*otherwise revived as set out in subsection 1 of this section.* This subsection shall take effect as to all such judgments, orders, or decrees which have not been presumed paid under subsection 1 of this section as of August 31, 1982. (Emphasis added).

■ Periodic support judgments which *have not been adjudicated to have lapsed* are not "presumed paid" within the meaning of the last sentence of § 516.350.2. *Coleman v. Coleman,* 823 S.W.2d 6, 9 (Mo.App.1991); *Sparks v. Trantham,* 814 S.W.2d 621, 627 (Mo.App.1991). *Here, there was no adjudication of lapse.* Thus, father's argument that § 516.350.2 does not apply in this case is without merit.

■ Past due support payments owed by a former husband to the former wife pursuant to a court order for support payments constitute a debt so that accrued and unpaid installments become judgments in favor of former wife. *See Sagos v. Sagos,* 729 S.W.2d 76, 79 (Mo.App.1987). Such judgments may be revived upon personal service upon the husband or a payment duly entered on the record thereof. *State ex rel. Clatt v. Erickson,* 859 S.W.2d 239, 242 (Mo.App.E.D. 1993); § 516.350.1. The trial court erred in denying wife's motion to revive.

Husband admits that he has made no payments since the stipulation entered in 1981. The trial court should have entered an order reviving wife's judgment as to all payments coming due within the 10 year period preceding the date of the service of process on husband of wife's motion. Thus, the ruling on the motion to revive the judgment is reversed and the cause remanded for the trial court to enter a proper order.

■ The court did not err, however, in granting husband's motion to quash execution against real estate held by husband and present wife as tenants by the entirety. Section 454.528.1 exempts from execution for maintenance property held in the name of husband and wife and no other. *Wry v. Wade,* 814 S.W.2d 655, 659 (Mo.App.1991). The real property upon which wife attempted to execute is held in the name of husband and current wife and no other. Thus it is not

subject to execution. Wife argues that the conveyance was fraudulent in that husband was delinquent in his maintenance when it was created in 1979. This issue need not be addressed as the record does not indicate it was presented by pleading or argument prior to the trial court's ruling. *See Harmony Unlimited Inc. v. Chivetta,* 743 S.W.2d 884, 886 (Mo.App.1987). This portion of the judgment is affirmed.

CRANDALL, P.J., and CRIST, J., concur.