55 F.Supp.2d 990 (1998)
UNITED STATES of America, Plaintiff,
v.
Sammie L. DEMPSEY, Defendant.
No. 1:96CR00057.
United States District Court, E.D. Missouri, Southeastern Division.
October 27, 1998.
*991 Curtis Poore, Cape Girardeau, MO, for U.S.
Jeffrey J. Rosanswank, St. Louis, MO, for defendant.

FINAL ORDER OF FORFEITURE
WEBBER, District Judge.
WHEREAS, on September 10, 1997, this Court entered a preliminary order of forfeiture pursuant to the provisions of Title 21, United States Code, Section 853, *992 based upon the defendant's plea and stipulation of facts relative to sentencing regarding the total amount of currency subject to forfeiture in the amount of $37,588.80. The Government has now seized a total of $17,006.91, which is in the custody of the United States Marshals Service.
AND WHEREAS, on October 8, 15, and 22, 1997, the United States published in a newspaper of general circulation, to wit: The Daily Dunklin Democrat, notice of this forfeiture and of the intent of the United States to dispose of the property in accordance with the law and further notifying all third parties of the right to petition the Court within thirty (30) days for a hearing to adjudicate the validity of their alleged interest in the property, and,
WHEREAS, the Court has been advised of one claim filed by Genny Talbert Dempsey. For the reasons set forth below, Ms. Dempsey's claim is dismissed.
Ms. Dempsey, the former wife of the defendant, has filed a pro se petition requesting the Court to "turn over" $6,200.00 to her for unpaid child support payments and a reasonable amount of medical expenses. Pursuant to 21 U.S.C. § 853(n), third parties asserting a legal interest in forfeited property are entitled to a judicial determination of the validity of the interests they assert. However, for Ms. Dempsey to bring a claim under subsection 853(n), she must first demonstrate that she has an interest in the seized assets sufficient to give her standing to contest the forfeiture of the seized assets. See United States v. Five Hundred Thousand Dollars, 730 F.2d 1437, 1439 (11th Cir.1984) (citations omitted). Ms. Dempsey bears the burden of establishing standing. Id. If Ms. Dempsey fails to allege all the elements necessary to recover, including those relating to standing, this Court may dismiss her petition without a hearing. See e.g., United States v. BCCI Holdings, 919 F.Supp. 31, 36 (D.D.C.1996), and cases cited therein. Thus, the Court must decide whether Ms. Dempsey's petition contains all the elements necessary for her to recover.
Under Section 853(n), the Court can amend an order of forfeiture if Ms. Dempsey can demonstrate, by a preponderance of the evidence, that she
"has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property." 21 U.S.C. § 853(n)(6)(A)
Ms. Dempsey is unable to claim that the drug money forfeited by the defendant was vested in her rather than the defendant. Therefore, she must show that her own interest in such money was superior to her former husband's interest at the time of the commission of the acts which gave rise to the forfeiture of the drug money.
As to Ms. Dempsey's claim for back child support payments, her claim must fail, because she is unable to demonstrate that her interest was superior "at the time of the commission of the acts which gave rise to the forfeiture of the drug money." The Order of the Circuit Court of Dunklin County, Missouri ordering defendant to pay Ms. Dempsey $300.00 per month in child support payments was entered on March 21, 1996. According to the indictment against defendant, he was in possession with the intent to distribute methamphetamine in January of 1996. Therefore, Ms. Dempsey had no interest, in the form of child support payments,[1] in *993 defendant's drug money at the time defendant committed the acts giving rise to the forfeiture of the drug money.
In addition, the Court does not find that Ms. Dempsey's interest in medical expenses, as well as the child support payments, were superior to the defendant's interests in the drug money. In order to determine an individual's "legal right, title, or interest," the Court is required to turn to Missouri state law. See generally United States v. Alcaraz-Garcia, 79 F.3d 769, 774 (9th Cir.1996); United States v. Certain Real Property Located at 2525 Leroy Lane, West Bloomfield, Mich., 910 F.2d 343, 347-48 (6th Cir.1990).
Under Missouri law, past due support payments owed by a former husband pursuant to a court order constitute a debt, meaning "that accrued and unpaid installments become judgments in favor of [the] former wife." Helfenbein v. Helfenbein, 871 S.W.2d 131, 134 (Mo.Ct.App. 1994) (citing Sagos v. Sagos, 729 S.W.2d 76, 79 (Mo.Ct.App.1987)). Under Missouri Revised Statute § 513.085, a person is required to levy against the subject property in order to acquire a lien on a judgment owed.[2]See Dugan v. Missouri Neon & Plastic Advertising Co., 472 F.2d 944, 949 (8th Cir.1973) (noting that under Missouri law, a "garnishment issued in aid of execution created a lien upon the debt owing to the judgment debtor that could not be impaired by subsequent action of others seeking the same fund"). Ms. Dempsey has not provided the Court with any evidence indicating that she filed a summons against the defendant to receive unpaid support payments.[3] Moreover, at least a portion of the drug proceeds in this case came from the sale of defendant's residence located at 1101 Falcon Drive. Because that property was tangible real property, a summons alone would not create a lien on that property until it came into the possession of the sheriff. See Dugan, 472 F.2d at 949.[4] Ms. Dempsey has presented no evidence indicating that the sheriff ever took possession of this property. Thus, Ms. Dempsey has not taken any action that would have given her a lien on defendant's forfeited drug money.
It is well settled that unsecured general creditors do not have any vested or superior right, title, or interest in forfeited assets because general creditors cannot claim an interest in any particular asset. See e.g., United States v. $319,603.42 in United States Currency, 829 F.Supp. 1223, 1226 (D.Or.1992) (judgment creditor's interest in property depends upon whether the party has levied upon that specific property); United States v. 127 Shares of Stock in Paradigm Mfg., Inc., 758 F.Supp. 581, 583 (E.D.Cal.1990), and cases cited therein. Other federal courts have treated mere judgment creditors, like Ms. Dempsey, as unsecured creditors who lack standing as claimants of forfeited assets. See 127 Shares of Stock, 758 F.Supp. at 583 (minor children are, at most, general unsecured creditors of defendant when they failed to establish that their right to child support had been reduced to a judgment and that any judgment was ever executed against the defendant's property prior to the Government's seizure of such property). Thus, this Court finds that Ms. Dempsey lacks standing as a claimant of defendant's forfeited *994 drug money. Therefore, this Court may dismiss her petition without a hearing.
Accordingly,
IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:
1. That the right, title and interest in the [$17,006.91] is hereby condemned, forfeited and vested in the United States of America, and shall be disposed of according to law.
2. The Clerk is hereby directed to send copies of this order to all parties of record and the United States Marshal.
NOTES
[1] This analysis does not apply to Ms. Dempsey's claim for medical expenses, because plaintiff's interest in medical expenses was formed as part of a court order dissolving the marriage between defendant and Ms. Dempsey in January of 1995, well before defendant's possession with intent to distribute charge in January of 1996.
[2] Section 513.085 provides as follows in relevant part:

"No execution prior to the levy thereof shall be a lien on any goods, chattels or other personal property, or the rights or shares in any stock, or any real estate to which the lien of the judgment, order or decree does not extend ..." Mo.Rev.Stat. § 513.085.
[3] The Government sent a copy of its Motion for a final order of forfeiture to Ms. Dempsey. In this Motion, the government stated that Ms. Dempsey failed to provide evidence showing she served a summons on the defendant. Ms. Dempsey did not respond to the Motion.
[4] Under Missouri Revised Statute section 513.010(1), the term "levy," as used in Section 513.085, is defined as "the actual seizure of property by the officer charged with the execution of the writ."