76 Mass. App. Ct. 279 (2010)                     279

Commonwealth *v.* One Hundred Twenty-five Thousand One Hundred Ninety-one Dollars.

## COMMONWEALTH *VS.* ONE HUNDRED TWENTY-FIVE THOUSAND ONE HUNDRED NINETY-ONE DOLLARS & another.[1]

No. 09-P-953.

Plymouth. December 16, 2009. - February 19, 2010.

Present: RAPOZA, C.J., KAFKER, & HANLON, JJ.

*Forfeiture Proceeding. Practice, Civil,* Forfeiture proceeding, Intervention.

A Superior Court judge did not err in denying a judgment creditor's motion to intervene in a civil forfeiture action filed by the Commonwealth, where the judgment creditor, who had not levied upon the seized property, did not have a sufficiently direct claim so as to constitute an "interest" in the property within the meaning of the Massachusetts forfeiture statute, G. L. c. 94C, § 47, as amended through St. 1998, c. 194, § 147, and therefore was not entitled to intervene as of right under Mass.R.Civ.P. 24(a)(2) [280-282]; further, there was no abuse of discretion by the judge in denying permissive intervention pursuant to rule 24(b)(2) [282-283].

CIVIL ACTION commenced in the Superior Court Department on January 6, 2009.

A motion to intervene was heard by *Robert C. Rufo*, J.

*Heather Marie Bradley*, Assistant District Attorney, for the Commonwealth.

*Christopher R. Vaccaro* for Aftermath Cleaning Company, Inc.

KAFKER, J. Aftermath Cleaning Company, Inc. (Aftermath), contests the denial of its motion to intervene in a civil forfeiture case filed by the Commonwealth regarding assets seized from Michael Clancy. Aftermath argues that, as a judgment creditor, it should have been allowed to intervene as of right under Mass. R.Civ.P. 24(a)(2), 365 Mass. 769 (1974), or alternatively that the judge abused his discretion in denying permissive intervention pursuant to Mass.R.Civ.P. 24(b)(2). Because we conclude that

---

[1] Twenty-five thousand dollars. Aftermath Cleaning Company, Inc.'s motion to intervene was denied by the trial court.

the Massachusetts forfeiture statute, G. L. c. 94C, § 47, as amended through St. 1998, c. 194, § 147, requires an intervening party to hold a secured interest in the seized property, Aftermath had no right to intervene pursuant to rule 24(a)(2). We also discern no abuse of discretion by the judge in denying permissive intervention pursuant to rule 24(b)(2). We therefore affirm.

1. *Background.* In January, 2008, Aftermath filed a civil action against Michael Clancy and his father, Paul Clancy. In April, 2008, a judgment was entered against the Clancys in the amount of $6,700.10.[2] The court issued an execution. Since then, Aftermath has attempted, unsuccessfully, to collect on the judgment. Although the sheriff's office made demands on execution to Michael Clancy, it did so without success, neither seizing nor securing any specific property in satisfaction of Aftermath's claim.

In December, 2008, pursuant to a drug investigation in which Michael Clancy was the target, police officers executed search warrants for a residence and a 2007 Mercedes-Benz automobile. As the police arrived, Michael Clancy pulled up to the residence in the Mercedes. After a search, the police arrested him and seized a total of $150,191 ($125,191 in cash and a $25,000 bank note), one hundred green pills believed to be Oxycodone, one hundred pills believed to be Percocet, and a substance believed to be marijuana. In January, 2009, the Commonwealth filed a civil complaint for forfeiture of the $150,191. Aftermath filed a motion to intervene in March, 2009, which the court denied.[3]

2. *Discussion.* Under Mass.R.Civ.P. 24(a)(2),[4] a party may intervene as of right "when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may

---

[2] At oral argument, counsel for Aftermath explained that the amount was owed for a clean-up of property owned by the Clancys after a bloody altercation. Aftermath is apparently in the business of cleaning up crime scenes.

[3] In October, 2009, Paul Clancy filed a motion to intervene in the civil forfeiture action. He argued that the seized assets belonged to him as they were drawn from his bank account without his knowledge, authority, or consent. The court allowed the motion in November, 2009.

[4] Aftermath does not argue that Mass.R.Civ.P. 24(a)(1), which provides for intervention "when a statute of the Commonwealth confers an unconditional right to intervene" is applicable in this case.

as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." The interest in the property or transaction must be "sufficiently direct and immediate to justify the intervention." *Bolden* v. *O'Connor Café of Worcester, Inc.*, 50 Mass. App. Ct. 56, 62 (2000). As Justice Kaplan has noted, "[o]ne tries to delineate the kind of interest that can suffice by examining the nature of the action in which intervention is claimed." *Care & Protection of Zelda*, 26 Mass. App. Ct. 869, 871 (1989). See Smith & Zobel, Rules Practice § 24.2, at 371 (2d ed. 2006).

The Massachusetts forfeiture statute, G. L. c. 94C, § 47, provides two ways in which the Commonwealth may initiate the proceedings: first, by way of an in rem proceeding pursuant to § 47(*d*) or, second, by motion filed in a related criminal proceeding pursuant to § 47(*b*). See *Commonwealth* v. *Brown*, 426 Mass. 475, 480 (1998). In the instant case, the Commonwealth initiated an in rem proceeding. Pursuant to c. 94C, § 47(*d*), the Commonwealth shall give notice to the "owner of . . . real property, moneys or other things of value and to such other persons as appear to have an interest" in the seized property, and the court must promptly conduct a hearing regarding the disposition of the seized property.[5] This "interest" is not specifically defined in the statute or in the Massachusetts case law.

There is, however, a well-developed body of law regarding the type of interest required in Federal civil forfeiture actions, albeit for purposes of determining Article III standing. As we consider the Federal standing and rule 24(a)(2) intervention requirements to be analogous in these circumstances,[6] we turn to the Federal case law for guidance. In order to establish standing, a party in a Federal civil forfeiture action must show that "he or she has an

---

[5]The statute also provides that "[n]o forfeiture under this section shall extinguish a perfected security interest held by a creditor in a conveyance or in any real property." G. L. c. 94C, § 47(*a*)(9).

[6]As explained by the First Circuit, "Because civil forfeiture is an in rem proceeding, the property subject to forfeiture is the defendant. Thus, defenses against the forfeiture can be brought only by third parties, who must intervene. Generally, an intervenor must have independent standing if the intervenor would be the only party litigating a case." *United States* v. *One-sixth Share of James J. Bulger in All Present & Future Proceeds of Mass Millions Lottery Ticket*, 326 F.3d 36, 40 (1st Cir. 2003).

ownership, possessory, or security interest in at least a portion of the property." Smith, Prosecution and Defense of Forfeiture Cases par. 9.04[2][a], at 9-70.11 (2009). "Unlike secured creditors, general creditors cannot claim an interest in any particular asset that makes up the debtor's estate. For this reason, the federal courts have consistently held that unsecured creditors do not have standing to challenge the civil forfeiture of their debtors' property." *United States* v. *$20,193.39*, 16 F.3d 344, 346 (9th Cir. 1994), and cases cited. See Smith, *supra,* par. 9.04[2][c], at 9-70.32 ("An unsecured creditor has no standing to contest the forfeiture of money or other property that is seized for forfeiture before it is delivered into the creditor's possession").

The First Circuit has explained that the analysis does not change when dealing with judgment creditors, where the judgment "would be only a general in personam judgment, not a secured interest against any particular asset that [the defendant in the forfeiture action] owned." *United States* v. *One-sixth Share of James J. Bulger in All Present & Future Proceeds of Mass Millions Lottery Ticket,* 326 F.3d 36, 44 (1st Cir. 2003) (*United States* v. *One-sixth Share*). See, e.g., Smith, *supra,* par. 9.04[2][c], at 9-70.35 & n.102, citing *United States* v. *$319,603.42 in U.S. Currency,* 829 F. Supp. 1223 (D. Or. 1992), where "[a] judgment creditor who did not levy upon or otherwise attach currency and a certificate of deposit in a safe deposit box before the government seized them lacked standing because he was in the position of a general, unsecured creditor."

We hold that a judgment creditor without a successful levy upon the seized property does not, as matter of law, have an "interest" in the seized property for the purposes of the Massachusetts forfeiture statute. In this instance, notwithstanding the execution issued by the court and the sheriff's demands on Michael Clancy, Aftermath failed to attain a security interest in the property seized by the Commonwealth. Thus, Aftermath's claim on the seized property is not sufficiently direct to constitute an interest under the Massachusetts forfeiture statute, and Aftermath is not entitled to intervene as of right under rule 24(a)(2).[7]

Having reached this determination, we further conclude that

---

[7]That Paul Clancy was allowed to intervene in the forfeiture action does not

the judge did not abuse his discretion in denying the motion for permissive intervention pursuant to rule 24(b)(2). " 'Permissive intervention is wholly discretionary with the trial court,' and the decision of the trial court will be reversed only for clear abuse of discretion." *Massachusetts Fedn. of Teachers, AFT, AFL-CIO v. School Comm. of Chelsea*, 409 Mass. 203, 209 (1991), quoting from *United States Postal Serv. v. Brennan*, 579 F.2d 188, 191-192 (2d Cir. 1978). Even if, as Aftermath contends, the seized assets may be the only assets available to satisfy the judgment, we discern no abuse of the trial judge's broad discretion. We note, as have other courts, that were we to allow such general creditors to intervene, there would be a danger that "the court litigating the forfeiture issue would be converted into a bankruptcy court and would not be able to grant forfeiture to the government until it determined that no general creditor would be unable to satisfy its claim against the defendant." *United States v. One-sixth Share*, 326 F.3d at 44, collecting cases, and quoting from *United States v. BCCI Holdings (Lux.), S.A.*, 46 F.3d 1185, 1191-1192 (D.C. Cir. 1995).

*Judgment affirmed.*

---

affect this analysis; he asserted an ownership interest in the seized assets, as he claimed that the moneys forfeited were improperly drawn from his bank account.