**Aida Luz VEGA ARRIAGA,**
etc., **Plaintiffs,**

v.

**J.C. PENNEY, INC., Defendant-Third Party Plaintiff,**

v.

**VILAR TRUCKING, INC., Autoridad De Comunicaciones De Puerto Rico, Comspect Unlimited, Inc., Third Party Defendants.**

**Civ. No. 85–2331 HL.**

United States District Court,
D. Puerto Rico.

March 27, 1987.

Rina Biaggi, Hato Rey, Puerto Rico, for plaintiffs.

Agrait & Oliveras, Oronte Oliveras Sifre, Hato Rey, Puerto Rico, for defendant-third party plaintiff.

Nydia María Díaz Buxó, Caguas, Puerto Rico, for Vilar Trucking.

## OPINION AND ORDER

LAFFITTE, District Judge.

The parties to this action are not unfamiliar with each other or with the facts of this case. They have met repeatedly in both federal and Commonwealth judicial forums on claims set in identical facts.

On April 27, 1983 plaintiffs, Aida Luz Vega, widow of the deceased, José Tirado; and the deceased's two minor children, filed a complaint for wrongful death in this Court against defendant, J.C. Penney, Inc.; Judge Gilberto Gierbolini presiding. J.C. Penney filed a third party complaint in that action against third party defendants, among others, Vilar Trucking, Inc., Autoridad de Comunicaciones de Puerto Rico, and Comspect Unlimited, Inc. Several months after filing suit in Federal District Court, on June 6, 1983 plaintiffs filed an identical claim in San Juan Superior Court joining as defendants J.C. Penney, Inc., and, among others, all parties, except Comspect, Inc. joined as third party defendants by J.C. Penney in the Federal Court action. On October 3, 1985 the Federal Court action was dismissed without prejudice by Judge Gierbolini as sanction for failing to timely appear at a status conference. The claim was refiled before the undersigned judge on November 22, 1985.

While pretrial litigation proceeded in the Federal Court, plaintiffs' claim against defendants went to trial on the merits in the San Juan Superior Court. Following trial, the Superior Court issued on September 5, 1986 an Opinion and Order making Findings of Fact and Conclusions of Law. The court found plaintiffs' deceased and J.C. Penney to be equally liable for the accident and it dismissed the complaint against all other defendants and third party defendants. Plaintiff, Aida Luz Vega, was held to be entitled to damages in the amount of $154,923.99. Pursuant to the law of Puerto Rico this amount was reduced by 50% as a result of the court's finding that the deceased was 50% negligent. Judgment was entered against J.C. Penney ordering payment to plaintiff in the "sum of $77,-491.99, plus court costs and expenses, plus the legally accepted interest on said amount as of the date of the filing of the complaint, plus $8,000.00 for attorney fees." Both plaintiff and J.C. Penney filed Writs of Review before the Supreme Court of Puerto Rico where the claim is pending decision.

Defendant, J.C. Penney and third party defendant, Vilar Trucking have presented this Court with motions to dismiss (which we treat as motions for summary judgment) on the grounds that plaintiffs' complaint is barred by the doctrine of *res judicata*. Plaintiffs claim the doctrine is not applicable in this case because the Superior Court judgment is not final for *res judicata* purposes until a writ of review, now pending before the Puerto Rico Supreme Court, is finally decided. Though the claim before this court is not necessarily barred by *res judicata* under the law of Puerto Rico, defendants' motions are granted and the complaint is dismissed.

## FACTS

Following a trial on the merits, the Superior Court found that José Tirado, an employee with the Communications Authority, arrived at Highway 1 in Río Piedras moments after Authority telephone cables crossing over the road had been hit and knocked down by a Pepsi-Cola truck and car traveling north toward Caguas. Tirado and a Communications Authority contractor, José Ramón Méndez-Velázquez, posi-

tioned themselves on the road to signal cars to slow down near the hazard. When Méndez-Velázquez observed a J.C. Penney truck approaching at great speed without slowing he shouted warnings to get out of the way. The Superior Court judge found that instead of moving away from the fallen cables, Tirado moved closer. The cables got tangled in the wheels of the Penney truck raising them into the air and striking Mr. Tirado in the head.

Tirado was rushed to the hospital by Méndez-Velázquez, where he remained for eight days in a coma. Mr. Tirado never regained consciousness and died of severe cerebral trauma sustained in the accident.

## RES JUDICATA

The doctrine of *res judicata* —meaning, literally, the thing has been decided—binds parties and their privies from litigating or relitigating any issue or claim that was adjudicated in a prior case. *Res judicata* issues frequently arise because of the accepted practice in both federal and state judicial forums of concurrent jurisdiction; similar claims based on the same set of facts and involving the same parties are allowed to proceed simultaneously in different judicial forums. *See Colorado River Water Conservation Dist. v. U.S.,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d, 483 (1976). In fact, when jurisdiction is properly had in the federal district court only in exceptional circumstances may the court abstain or dismiss the action in deference to an identical or similar state court proceeding. *Id.* at 1244. Abdication of the federal district court's obligation to decide cases properly before it is justified only in those situations where an "order to the parties to repair to the state court would clearly serve an important countervailing interest." *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959).

Pursuant to the rule of *res judicata,* when identical actions are pursued simultaneously the first judgment entered generally bars adjudication of claims in the second

action without regard to the order in which the actions were filed, and without regard to the status of forum—state or federal. Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction,* sect. 4404.[1] By statute Congress has specifically required all federal courts to give preclusive effect to state court judgments when the courts of the state from which the judgment emerged would do so. *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). 28 U.S.C. sect. 1738 provides that judicial judgments shall be given the "same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

Because the judgment at issue in this case was rendered by a court of Puerto Rico, this Court is bound by the law of Puerto Rico in applying the *res judicata* doctrine. Thus, if Puerto Rico courts would give preclusive effect to the judgment of the San Juan Superior Court, so also will this court. *See Futura Development Corp. v. Centex Corp.,* 761 F.2d 33 (1st Cir.1985); *Sanchez v. Puerto Rico Marine Management, Inc.,* 593 F.Supp. 787 (D.P.R.1984). Likewise, if *res judicata* could not be applied to preclude this action under Puerto Rico law, it will not be so applied here.

The law of *res judicata* in Puerto Rico is governed by statute. Article 1204, 31 L.P. R.A. sect. 3343, provides:

Only a judgment obtained in a suit for revision shall be effective against the presumption of the truth of the *res judicata.*

In order that the presumption of the *res judicata* may be valid in another suit, it is necessary that, between the case decided by the sentence and that in which the same is invoked, there be the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such.

---

1. The doctrine of *res judicata* forecloses litigation of all matters which have been litigated or should have been litigated in an earlier case.

The rule of collateral estoppel precludes relitigation of issues actually adjudicated. *See* Wright, Miller & Cooper, *supra,* sect. 4402.

As the statute has been interpreted, a party asserting claim preclusion by *res judicata* must establish: (1) the existence of a prior judgment on the merits which is "final and unappealable," *De Jesus v. Guerra Guerra*, 105 D.P.R. 207 (1976); *Heirs of Zayas Berrios v. Berrios*, 90 P.R.R. 537, 550 (1964); (2) the perfect identity of thing or cause, and (3) the perfect identity of parties and the capacity in which they acted. *Lopez Rivera v. Matos*, 101 D.P.R. 740 (1973); *Perez v. Bauza*, 83 P.R.R. 213 (1961).

It is evident from the Opinion and Order of the San Juan Superior Court that the cause, facts and claim upon which plaintiffs based their complaint in that court are identical to the cause, facts and claim stated in this Court. Plaintiffs claim, in both forums, that defendants acted negligently causing the death of José Tirado.

There also exists a perfect identity of the essential parties and the capacity in which they acted. The plaintiffs who brought suit in the Superior Court case are identical to the plaintiffs in the present action. The sole defendant in the present case, J.C. Penney, Inc., and a third party defendant here, Vilar Trucking Co., who have presented motions to dismiss on the grounds of *res judicata*, were both defendants in the Superior Court action. Judgment was entered against J.C. Penney in the Superior Court case and the claim against Vilar Trucking was dismissed.[2]

The only issue presented by defendant's and third party defendant's claim of preclusion is whether the Superior Court judgment because it is on appeal to the Puerto Rico Supreme Court is "final" for the purposes of *res judicata*.

■ The established federal rule is that a judgment retains all of its *res judicata* consequences while pending decision on appeal. Wright, Miller & Cooper, *supra*, at sect. 4433. This federal rule of finality of judgment for *res judicata* purposes follows logically from the Federal Rules of

Civil Procedure, Rule 62(c), and the Rules of Appellate Procedure, Rule 8, which presume a district court judgment to be final and enforceable unless an application for stay and a supersedeas bond are presented in the first instance to the district court.

In the vast majority of states, the federal rule is accepted and applied. *See* Wright, Miller & Cooper, *supra*, at sect. 4433, p. 313. However, because the federal court is bound by state law when the judgment in question was rendered by a state court, in minority jurisdictions, such as California, where the contrary rule exists, the federal court sitting in that jurisdiction will honor the state rule and no preclusive effect will be given the judgment until it becomes final on appeal. *See Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1439 (9th Cir.1985).

Puerto Rico, like California, appears to adhere to the minority rule—that a judgment is not final for purposes of *res judicata* during the pendency and until the resolution of an appeal. Though there exists no opinion from the Supreme Court of Puerto Rico defining the meaning of "final judgment" in this context, several of the Court's opinions state specifically that a judgment in order to be given *res judicata* effect must be "final y firme," stated in Spanish, and as translated, "final and unappealable." *Rivera, supra*, 103 D.P.R. 91; *Heirs of Zayas Berrios, supra*, 90 P.R.R. 537.

■ That a judgment is not final for *res judicata* purposes until resolved on appeal is reinforced by the rules of civil procedure of both Puerto Rico and California. Unlike the Federal Rules of Civil Procedure, which presume finality of a trial court judgment unless motion to stay the effect of the judgment is presented, in Puerto Rico, similar to California, the rules establish the opposite. California Code of Civil Procedure, sect. 1049 provides that an action is deemed pending until "its final determination upon appeal, or until the time for appeal has passed ..." Rule 53.9 of Puerto

---

**2.** Plaintiff claims that identity of parties does not exist in this case because third party defendant Comspect, Inc. was not a party in the Superior Court case. This argument is unpersuasive.

Comspect was joined as third party defendant by defendant, J.C. Penney, for the purposes of indemnification in the case that plaintiff prevailed against Penney for damages.

Rico's Rules of Civil Procedure assures that a judgment of a lower court is automatically stayed once it is appealed. The Rule provides: "once an appeal or petition for review is filed all further proceedings in the lower court regarding the judgment appealed from ... shall be stayed."

Though the San Juan Superior Court judgment adjudicated on the merits the identical and only claims, issues, and facts presented in this case and was between parties identical to the parties here, the judgment does not bar the present action because it is on appeal pending resolution. Hence, under the law of Puerto Rico, is not final for *res judicata* purposes.

At the discretion of the court the present action could be allowed to proceed to conclusion, risking confusion of a resulting judgment in conflict with the judgment issued by the Superior Court. *See* Wright, Miller & Cooper, *supra*, at sect. 4433 (discussing problems raised by entry of a conflicting judgment while the first judgment entered is pending appeal). Or, we could stay this proceeding until the appeal is resolved and the judgment becomes final, and then dismiss the action on the grounds of *res judicata*. We apply neither of these alternatives. Instead, the case is to be dismissed for reasons of federalism, comity and "wise judicial administration." *See Colorado River Water Conser. Dist., supra*, 424 U.S. 820, 96 S.Ct. at 1247.[3]

A federal court may dismiss a suit due to the presence of concurrent state proceeding administration only in limited circumstances. In assessing the appropriateness of dismissal, the court must consider such factors as the desirability of avoiding piecemeal litigation, whether federal law supplies the rule of decision, the inconvenience of the federal forum, and the order in which jurisdiction was obtained. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 13–26, 103 S.Ct. 927, 935–43, 74 L.Ed.2d 765 (1983); *Fuller v. Ramon I. Gil, Inc.*, 782 F.2d 306 (1st Cir.1986). "The decision whether to dismiss a federal action because of parallel state-court litigation does not rest upon a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case ... [t]he weight to be given to any one factor may vary greatly from case to case, depending upon the particular setting of the case." *Moses H. Cone, supra*, 460 U.S. at 16, 103 S.Ct. at 937.

In this case the most glaring reason to dismiss the action is to prevent piecemeal litigation. The San Juan Superior Court has already adjudicated every claim and every issue presented in this case. The Superior Court entered judgment ordering defendant, J.C. Penney, to pay plaintiffs $77,491.99 in damages. Both parties appealed the order. Plaintiffs have had their day in court.[4] To allow this case to continue to judgment would not only cause confusion in the Puerto Rico Supreme Court as to the effect to be given the judgment, but would also create unnecessary problems of which judgment is enforceable, following the resolution of the Superior Court judgment on appeal. Plaintiffs' request to continue this action to its conclusion is essentially a request to bargain shop through a catalog of judgments choosing the best and the biggest. Plaintiffs' invitation for this kind of "two bites of the apple" practice is hereby declined.

█ Further, support for the dismissal of this diversity action is the factor that

---

**3.** Abstention is not directly at issue here because none of the three traditional branches of the doctrine are presented by the procedural facts of the case. *See Railroad Comm'n. of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) (cases presenting a federal constitutional issue which might be mooted by a state court determination of pertinent state law); *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) (cases presenting difficult questions of state law bearing on policy problems of substantial public import to the state); *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (cases requesting the federal court to restrain state proceedings).

**4.** Plaintiffs claim this case cannot be dismissed because it would force plaintiffs to forgo their constitutional right to a trial by jury which is not afforded in civil trials in the Commonwealth courts. This argument is completely without merit. *See Garcia Mercado v. Superior Court*, 99 P.R.R. 287 (1970).

plaintiffs' claim is based on the law of Puerto Rico and the Commonwealth courts are "fully capable of of adjudicating the facts and deciding the issue." *See Fuller, supra,* at 311. Though the federal court action was filed first, this factor bears little weight in this case. The federal case was filed only a few months before the Superior Court action. Because the federal case was dismissed as a sanction, the Superior Court case proceeded to trial and judgment was entered there first.

For the above stated reasons we find dismissal of this action to be in the interest of "wise judicial administration, ... conservation of judicial resources and comprehensive disposition of litigation." *See Colorado River Conservation District, supra,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246.

IT IS SO ORDERED.