Katz v. Timberlane Reg. School Dist.   CV-01-393-M   01/17/02   P

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**


Elena Katz, et al.

    v.                                        Civil No. 01-393-M
                                                Opinion No. 2002 DNH 016

Timberlane Regional School
District, et al.


**REPORT AND RECOMMENDATION**


Before the court is the amended complaint[1] of pro se
plaintiff Elena Katz, filed on behalf of herself and her minor
daughter, Eleonora G., against the Timberlane School District and
the Danville Elementary School pursuant to the Individuals with
Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400, et
seq., and New Hampshire state law.  Katz's suit seeks judicial
review of the New Hampshire Department of Education's final
administrative decision regarding the evaluation, testing, and
education of Katz's daughter.  Because Katz is proceeding both

----

[1]Katz's first complaint was filed on October 17, 2001.  Katz
reworked and refiled her complaint as the original contained
reference to her minor daughter by her full name.  The amended
complaint (document no. 1), filed October 31, 2001, contains a
number of typographical errors.  Liberally construing the
complaint, I rely on the most reasonable and sensible reading of
the complaint in determining the facts to be relied on here.

pro se and in forma pauperis, the matter is before me for preliminary review. See United States District Court for the District of New Hampshire Local Rules ("LR") 4.3(d)(1)(B); 28 U.S.C. § 1915(e)(2). For the reasons stated below, I recommend the complaint be dismissed.

## Standard of Review

In reviewing a pro se complaint, the court is obliged to construe the pleading liberally. See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of that party). At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that pro se pleadings are given fair and meaningful consideration. See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988).

## Background

In April of 2000, Eleonora was a third grade student at Danville Elementary School in the Timberlane School District. During that month, Eleonora was referred by her teacher for a diagnostic evaluation of her educational needs which would, presumably, lead to the development of an individual education plan ("IEP") for Eleonora. Eleonora's parents were apparently already aware of Eleonora's need for evaluation and had obtained an appointment for a private evaluation for Eleonora. The defendants proposed their own assessment and diagnostic plan.

To make a long and rancorous story short, it is fair to state that the school district and Eleonora's parents had significant disagreements over what course of action should be taken to properly evaluate Eleonora's educational status and needs. This disagreement devolved into the parents' request for a due process hearing pursuant to 20 U.S.C. § 1415(f) and N.H. Rev. Stat. Ann. 186-C:16-b. A hearing took place and the matter was resolved in favor of the defendants on January 23, 2001. The plaintiff appealed the decision to the Rockingham County Superior Court on February 5, 2001. After at least one hearing, and the receipt of written pleadings, the Superior Court ruled in favor

3

of the defendants.  Katz filed a timely appeal to the New

Hampshire Supreme Court, which was declined on September 12,

2001.  This suit followed.[2]

## Discussion

The IDEA guarantees a free and appropriate public education

to all children.  In return for federal funding, state

educational agencies establish procedures to identify and

evaluate disabled students in need of special education services.

20 U.S.C. §§ 1400(d), 1412.  For each identified child, an IEP is

developed.  If a parent believes that a proposed IEP will not

provide an appropriate education, or that the procedures

established by the IDEA have not been properly followed in

developing the IEP, the parent may request an administrative due

process hearing to review the matter.  20 U.S.C. § 1415.  In New

Hampshire, only one level of administrative review exists - the

due process hearing.  If either party is dissatisfied with an

administrative hearing officer's ruling, the IDEA permits that

party to bring a civil suit "in any State court of competent

---

[2]Although this suit has followed on the heels of the New Hampshire Supreme Court's declination of Katz's appeal, it appears from a plain reading of her complaint that Katz's intent is for this court to exercise its original jurisdiction over the administrative decision, not for this court to directly review the state court proceedings.

4

jurisdiction or in a district court of the United States without regard to the amount in controversy" to obtain judicial review of the administrative resolution. 20 U.S.C. § 1415(i)(2). State and federal courts, therefore, have concurrent jurisdiction over such cases. Spaulding v. Mingo County Bd. of Educ., 897 F. Supp. 284, 288 (S.D.W.Va. 1995), (citing Town of Burlington v. Dep't. of Educ. for Com. of Mass., 736 F.2d 773, 788-89 (1st Cir. 1984), aff'd, 471 U.S. 359 (1985)).

Where different courts enjoy concurrent jurisdiction, which permits the same parties to proceed simultaneously in different judicial forums[3], res judicata issues frequently arise. Id.; see Colo. River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). "The doctrine of res judicata--meaning, literally, the thing has been decided--binds parties and their privies from litigating or relitigating any issue or claim that was adjudicated in a prior case." Vega Arriaga v. J.C. Penney, Inc., 658 F. Supp. 117, 119 (D.P.R. 1987). Res judicata precludes

---

[3]To the extent Katz may have been allowed to proceed with an action in this court simultaneously with her action in the state court, she would have had to file this action within 120 days of receipt of the due process hearing officer's final decision. N.H. Rev. Stat. Ann. 186-C:16-b(IV). Katz received the notice of final decision on January 23, 2001 and filed this action initially on October 17, 2001, almost nine months later and clearly outside the 120 day deadline.

5

the relitigation of claims that were raised or could have been raised in a prior case if three elements are satisfied: "(1) a final judgement on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." Gonzalez v. Banco Central Corp., 27 F.3d 751, 755 (1st Cir. 1994); see also Porn v. Nat'l Grange Mut. Ins. Co., 93 F.3d 31, 34 (1st Cir. 1996).

As to the first element, Katz indicates that she has received a final judgment on the merits from the state court system as she states that after the Superior Court decided the matter and denied her motion to reconsider, she appealed the matter to the New Hampshire Supreme Court. The appeal was declined on September 12, 2001, finalizing the judgment of the Superior Court.

As to the second element, a cause of action is defined as "a set of facts which can be characterized as a single transaction or series of related transactions." Apparel Art Int'l, Inc. v. Amertex Enters., Ltd., 48 F.3d 576, 583 (1st Cir. 1995). Simply put, this examination amounts to whether or not the causes of action alleged arise out of a common set of operative facts.

6

Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 38 (1st Cir. 1998). Here, the factual underpinnings of the two suits are exactly the same. Although the plaintiff has not provided information as to the exact claims raised in the state court, "a single transaction may give rise to a multiplicity of claims . . . and the mere fact that different legal theories are presented in each case does not mean that the same transaction is not behind each." Porn, 93 F.3d at 34 (quoting Manego v. Orleans Bd. of Trade, 773 F.2d 1, 5 (1st Cir. 1985), cert. denied, 475 U.S. 1084 (1986)). Further, res judicata precludes claims that "were or could have been raised" in the earlier action. Bay State HMO Mgmt., Inc. v. Tingley Sys., Inc., 181 F.3d 174, 177 (1st Cir. 1999) (emphasis added). There is no reason why all of the claims presented in this complaint could not have been raised in the earlier action.

As to the third element, Katz' complaint is clear that the defendants to this suit were the defendants in the state court proceeding. Therefore, the parties to the two suits are identical.

<u>Conclusion</u>

Because all three of the elements of <u>res</u> <u>judicata</u> are satisfied, I find that the doctrine applies here and precludes relitigation of the claims presented here. Because Katz has therefore failed to state a claim upon which relief can be granted, I recommend dismissal of the action in its entirety. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii).

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. <u>See</u> <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:     January 17, 2002

cc:       Elena Katz, <u>pro</u> <u>se</u>

8