**Luis A. ACEVEDO–GARCIA, et al., Plaintiffs,**

v.

**Hon. Roberto VERA–MONROIG, et al., Defendants.**

**Civil No. 97–2639(JP).**

United States District Court, D. Puerto Rico.

Jan. 30, 2002.

Israel Roldán–González, Aguadilla, PR, for plaintiff.

Johanna M. Emmanuelli–Huertas, Pedro Ortiz Alvarez Law Offices, Ponce, PR, for defendant.

### OPINION and ORDER

PIERAS, Senior District Judge.

## I. INTRODUCTION

On December 20, 2001, the Court held a hearing wherein the issues of reinstatement and attorneys fees and costs were among the topics discussed. After hearing the arguments of both parties, the Court issued three rulings from the bench whereby it: 1) released Defendants from the Five Thousand Dollar ($5,000.00) sanction which was imposed upon them for the filing of a frivolous motion; 2) awarded Plaintiffs **Ninety–Six Thousand Three Hundred Dollars ($96,300.00)** in attorneys' fees and costs, and **post-judgment interest at the prevailing rate of interest as of the date of judgment;** and 3) ordered that non-mutual offensive collateral estoppel shall apply to the cases of the remaining 62 Plaintiffs on issues that have already been adjudicated and decided by the jury. This Opinion and Order memorializes the Court's December 20, 2001 bench ruling.

## II. NON–MUTUAL OFFENSIVE COLLATERAL ESTOPPEL

The Court now discusses the jurisprudence which guided its decision to apply the doctrine of non-mutual collateral offensive estoppel to the cases of the remaining 62 Plaintiffs.

Collateral estoppel prevents the relitigation of issues in a second suit that were litigated and necessary to the outcome of a prior suit. *Parklane Hosiery Co. Inc. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Non-mutual offensive collateral estoppel occurs when a plaintiff who was not present in a prior suit seeks to foreclose a defendant from relitigating issues in the subsequent which that defendant lost in the prior suit. *Id.; United States v. Mendoza,* 464 U.S. 154, 159 n. 4, 104 S.Ct. 568, 571–72 n. 4, 78 L.Ed.2d 379 (1984).

■■■ When it comes to res judicata, Puerto Rico is a minority jurisdiction because under Puerto Rico law, judgments are given preclusive effect only when they are final on the merits and *unappealable* (emphasis ours). *See De Jesús v. Guerra Guerra,* 105 D.P.R. 207 (1976); *Millán v. Caribe Motors Corp.,* 83 D.P.R. 474 (1961); *Manrique v. Aguayo,* 37 P.R.Dec. 314, 320 (P.R.1927); *Stitzer v. University of Puerto Rico,* 617 F.Supp. 1246, 1254 (D.Puerto Rico 1985). However, this case was not decided under Puerto Rico law. It was in fact decided under federal law, which reviews res judicata principles under a different standard. Under federal law, federal court judgments are res judicata upon the date of issuance *notwithstanding the possibility or even the pendency of an appeal* (emphasis ours). *Cruz v. Melecio,* 204 F.3d 14, 20–21 (1st Cir.2000); *Taunton Gardens Co. v. Hills* 557 F.2d 877, 879 n. 2

(1st Cir.1977); *Hunt v. Liberty Lobby, Inc.*, 707 F.2d 1493, 1497–98, (D.C.Cir. 1983); *Vega Arriaga v. J.C. Penney Inc.*, 658 F.Supp. 117, 120 (D.Puerto Rico 1987). In addition, federal courts are afforded *broad discretion* to determine whether or not to apply collateral estoppel. *Parklane Hosiery Co. Inc.*, 439 U.S. at 331, 99 S.Ct. at 651. A federal judgment in this case was entered on December 3, 2001. Therefore, federal res judicata principles apply.

When contemplating whether to apply collateral estoppel, courts should consider the following factors: 1) whether there exists an identity of issues; 2) whether the previous action was actually litigated; 3) whether there was a finality in the earlier resolution; 4) whether the issue decided was central to the adjudication of the previous litigation; 5) whether the defendants had a full and fair opportunity to litigate the first suit; 6) whether a future suit on the same issues was foreseeable; and 7) whether the procedural opportunities in both cases are the same. *See Faigin v. Kelly*, 184 F.3d 67 (1st Cir.1999); *see also United States v. American Cyanamid Co.*, 794 F.Supp. 61 (D.R.I.1990).

▇ The jury trial of the 20 Plaintiffs in the instant case resulted in the following findings:

1. That political affiliation was a substantial or motivating factor in the implementation of the lay-off plan.

2. That Defendants violated Plaintiffs' due process rights by implementing the lay-off plan in a discriminatory fashion.

3. That Plaintiffs were discharged from their career positions with the Municipality of Adjuntas on account of their political affiliation; and other individuals were employed to perform their duties under different titles, and under different programs, in violation of the law.

Under these circumstances, it is only proper that Defendants be collaterally estopped from relitigating the afore-mentioned three issues because, among other things, the Defendants had a full and fair opportunity and; had every incentive to vigorously litigate the first case; a future suit on the same issues by the Plaintiffs was foreseeable; the procedural opportunities in both cases are the same; identity of issues exist between the cases; the previous action was actually litigated; there was finality in the earlier resolution; and the issue decided was central to the adjudication of the earlier litigation.

1. *Mayor Vera and Irma M. González had a Full and Fair Opportunity to Litigate the Afore-mentioned Three Issues*

On October 10, 2001, during the pre-trial meeting with the parties, the Court made it clear that when it severed the case, the Defendants would have wide latitude in presenting their evidence and defense as if they were trying the 82 Plaintiffs' claims. The Court memorialized this statement in its Opinion and Order dated October 15, 2001 wherein it stated that "the parties were assured that each would have the opportunity to present all necessary evidence." *Acevedo–García v. Vera–Monroig*, 204 F.R.D. 26, 29 (D.P.R.2001) (Pieras, J.). During a side-bar, this ruling was made further clear by the Court when reminded Plaintiffs of its October 15, 2001 Order and granted Defendants wide latitude in presenting their case, over Plaintiffs' objections.

2. *A Future Suit on the Same Issues by the Remaining 62 Plaintiffs was Foreseeable.*

A future suit was more than foreseeable, it was assured. All of the Orders of the Court refer to this fact. Defendants knew

that they had to vigorously litigate this first trial because its outcome would set the tone for the settlement of the pending claims in the same suit of the remaining 62 Plaintiffs. Further, the inevitability of future suits was discussed when severance of this action was considered.

### 3. The Procedural Opportunities in both Cases Are the Same

The Defendants had ample opportunities to pursue discovery to its fullest and call all necessary witnesses, and as a matter of fact they did, because Defendants were ready to try all 82 Plaintiffs' claims. Up until October 11, 2001, when the Court officially severed this action so as to reduce jury confusion and in the interests of effective your case management, the parties were all prepared to go forth with the trial of all 82 Plaintiffs. All discovery had been completed and all witnesses were announced. This case has been open since 1997. All discovery is complete.

### 4. The Issues in Pending Cases of the 62 Plaintiffs and the Previously Adjudicated Case of the 20 Plaintiffs are Identical

All Plaintiffs are suing on account of the exact same issues related to the implementation of the lay-off plan. This is all really one action that was severed. There are no new claims.

### 5. The Previous Action was Actually Litigated

This Court just ended a Jury Trial that began on October 10, 2001 and lasted until November 23, 2001. Plaintiffs' case in Chief lasted from October 10, 2001 to October 25, 2001. Defendants case in chief lasted from October 29, 2001 to November 15, 2001. The action was clearly litigated.

### 6. There was a Finality in the Earlier Resolution

The *JUDGMENT AS TO THE FIRST GROUP OF TWENTY (20) PLAINTIFFS*, signed on December 3, 2001, is final and appealable, and subject to all motions provided by the Federal Rules of Civil Procedure. Further, since said judgment is from a federal district court, it has the effect of res judicata.

### 7. The Issue Decided in the Previous Case was Central to the Adjudication of the Previous Litigation

This case was and is about political discrimination. The jury returned a verdict for all of the afore-mentioned 20 Plaintiffs as to political discrimination in the decision to dismiss them from their employment with the Municipality of Adjuntas. In order to have returned such a verdict, the jury had to first find for the Plaintiffs and against the Defendants on the following issues: that political affiliation was a substantial or motivating factor in the implementation of the lay-off plan; that Defendants violated Plaintiffs' due process rights by implementing the lay-off plan in a discriminatory fashion; and that Plaintiffs were discharged from their career positions with the Municipality of Adjuntas on account of their political affiliation; and other individuals were employed to perform the discharged employees duties under different titles, and under different programs, in violation of the law.

## III. CONCLUSION

For the afore-mentioned reasons, the following is hereby **ORDERED:**

1. The Five Thousand Dollar ($5,000.00) Sanction leveled against Defendants by Order dated October 9, 2001, is hereby **VACATED;**

2. The Plaintiffs who were the subject of the Judgment issued on Decem-

ber 3, 2001 (docket No. 245) **SHALL receive post-judgment interest at the prevailing rate of interest** calculated as of December 3, 2001, the date of judgment; and

3. Non-mutual Offensive Collateral Estoppel **SHALL** apply to the cases of the remaining 62 Plaintiffs on the jury's findings that i) political affiliation was a substantial or motivating factor in the implementation of the lay-off plan; ii) Defendants violated Plaintiffs' due process rights by implementing the lay-off plan in a discriminatory fashion; and iii) Plaintiffs were discharged from their career positions with the Municipality of Adjuntas on account of their political affiliation; and other individuals were employed to perform their duties under different titles, and under different programs, in violation of the law.

**IT IS SO ORDERED.**